**Bill M. OVERTON, Plaintiff–Appellant,**

v.

**UNITED STATES of America; P. Crepo, Defendants–Appellees.**

No. 90–2084.

United States Court of Appeals, Tenth Circuit.

Feb. 12, 1991.

---

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack and Curtis C. Pett, Attys., Tax Div., Dept. of Justice, Washington, D.C., William L. Lutz, U.S. Atty., Albuquerque, N.M., of counsel, for defendants-appellees.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff-appellant Bill M. Overton appeals pro se from the district court's dismissal of his claims against the United States and his claims against internal revenue officer P. Crepo, in her individual capacity. Plaintiff asserts that Crepo illegally and maliciously filed a notice of federal tax lien for the years 1977 and 1981 on his property. He seeks damages from the United States and Crepo, as well as the release of the federal tax lien. The district court granted summary judgment in favor of the government for lack of subject matter jurisdiction relying upon the Anti–Injunction Act, I.R.C. § 7421. The court dismissed the claims against the revenue officer for lack of personal jurisdiction.

 In accordance with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we have construed the plaintiff's pro se pleadings liberally. We first consider the district court's dismissal of defendant's claim against the revenue officer for lack of personal jurisdiction. The plaintiff has the burden of proving personal jurisdiction. *Fidelity & Casualty Co. v. Philadelphia Resins Corp.*, 766 F.2d 440, 443 (10th Cir.1985), *cert. denied*, 474 U.S. 1082, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986). For such jurisdiction, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342,

Submitted on the briefs: *

Bill M. Overton, pro se.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

85 L.Ed. 278 (1940)). *See Benally v. Amon Carter Museum of Western Art,* 858 F.2d 618, 624–26 (10th Cir.1988). Plaintiff approaches the issue differently, contending that the court has personal jurisdiction by virtue of 28 U.S.C. § 1391(e), which provides for service upon federal defendants by certified mail beyond the territorial limits of the district in which the suit was initiated. Clearly he is mistaken. Section 1391(e) is a venue statute, not a grant of "nationwide *in personam* jurisdiction in a personal damage action against a United States official in his individual capacity...." *Gilbert v. DaGrossa,* 756 F.2d 1455, 1460 (9th Cir.1985) (citing *Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980)). *See also Borntrager v. Stevas,* 772 F.2d 419 (8th Cir.1985), *cert. denied,* 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). Personal jurisdiction does not result from § 1391(e), and we find nothing in the record to indicate that the revenue officer has ever had any contact with New Mexico. Plaintiff therefore has failed to meet his burden of proving that the exercise of personal jurisdiction over the revenue officer would not offend the due process standard of *International Shoe.* The district court correctly dismissed plaintiff's claims against the revenue officer in her individual capacity.

■ Turning to the claim for damages against the government, "[i]t is well-settled that the United States retains its sovereign immunity from suit unless it has expressly waived such immunity...." *National Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1245–46 (10th Cir.1989) (citing *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989)). Plaintiff cannot rely on the Federal Tort Claims Act as a waiver of sovereign immunity since the act excludes from coverage "[a]ny claim arising in respect of the assessment or collection of any tax...." 28 U.S.C. § 2680(c). Furthermore, plaintiff cannot rely on I.R.C. § 7432. Section 7432 amounts to a limited waiver of sovereign immunity for civil damages actions for failure to release a federal tax lien upon notice under I.R.C. § 6325; however, it is effective only for damages arising and notices given after December 31,

1988. Technical and Miscellaneous Revenue Act of 1988, § 6240(c), Pub.L. No. 100–647, 102 Stat. 3746. Plaintiff has not shown that he has given notice in accordance with § 6325. Section 7432's waiver therefore is inapplicable. Since there was no waiver of sovereign immunity, the district court correctly granted the government summary judgment on plaintiff's claim for damages.

■ We now address plaintiff's request for injunctive relief. The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." I.R.C. § 7421(a). "A judicial exception to the act permits an injunction 'if the taxpayer demonstrates that: 1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur.'" *Lonsdale v. United States,* 919 F.2d 1440, 1442 (10th Cir.1990) (quoting *Bob Jones University v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974)). Nothing in the record remotely indicates that plaintiff has established either of the *Bob Jones* prerequisites for injunctive relief.

Plaintiff contends that the IRS has removed the assessments underlying the lien and that the Anti–Injunction question is "moot" since there is no "assessment" or "collection" at issue. Rec. vol. I, doc. 5 at 4. Yet plaintiff apparently has failed to pursue the administrative remedy for such a claim. The Code provides that the Secretary is to issue a certificate of release for any notice of federal tax lien within thirty days of the day the Secretary determines that the liability for the underlying assessment has been satisfied or is legally unenforceable. I.R.C. § 6325(a); Temp.Treas. Reg. § 401.6325–1 (1983). Taxpayers may request such certificate of release with a written submission to the district director where the lien is filed. The writing must contain the name and address of the taxpayer, a copy of the notice of federal tax lien, and an explanation of the grounds for release of the lien. *Id.*

If, as plaintiff alleges, "[t]he IRS has implicitly admitted [its] mistake ... by removing the assessments," rec. vol. I, doc. 5 at 4, he is not without remedy. If the assessments indeed have been paid and the Secretary refuses to issue a certificate of release pursuant to his duty under § 6325(a), plaintiff may force the release by instituting proceedings against the Secretary in the nature of mandamus, 28 U.S.C. § 1361, or through a quiet title action, 28 U.S.C. § 2410(a).[1] Plaintiff, however, has failed to provide any evidence of a § 6325 notice or of payment of the assessments.[2]

The Supreme Court's interpretation of Fed.R.Civ.P. 56(c) requires that summary judgment be granted against a party "who fails to ... establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Reazin v. Blue Cross & Blue Shield,* 899 F.2d 951, 979 (10th Cir.1990). The moving party need only "inform[ ] the district court of the basis for its motion, and identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c)). The government has met this burden by pointing to the Anti–Injunction Act as a bar to injunctive relief.

Plaintiff, on the other hand, has not provided evidence of compliance with the notice provisions of § 6325 or that the assessments have been paid or are legally unenforceable, nor has he established the *Bob Jones* prerequisites for injunctive relief. 416 U.S. at 737, 94 S.Ct. at 2046. The government is not required to come forth with affirmative evidence to disprove these elements. Plaintiff therefore fails under the *Celotex* guideline for avoidance of summary judgment. 477 U.S. at 322–23, 106 S.Ct. at 2552. We conclude that "there is no genuine issue of material fact" and that the government is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

AFFIRMED.

---

**1.** Section 2410 waives sovereign immunity only to the extent that the taxpayer challenges the procedural regularity of the lien, not the underlying tax assessment. *Schmidt v. King,* 913 F.2d 837 (10th Cir.1990); *Pollack v. United States,* 819 F.2d 144, 145 (6th Cir.1987); *Aqua Bar & Lounge v. United States,* 539 F.2d 935 (3d Cir. 1976); *Falik v. United States,* 343 F.2d 38, 40–43 (2d Cir.1965). To the extent that taxpayer challenges the Secretary's failure pursuant to his duty under I.R.C. § 6325(a) to release the lien upon notice and proof that the underlying assessments have been paid, he challenges the procedural regularity of the existence of the lien itself, and not the assessments. This type of suit obviously would not violate the principle that "a person whose sole claim is that a federal tax assessment was not well grounded in fact and law must 'pay first and litigate later.'" *Falik,* 343

F.2d at 42. *See also Kurio v. United States,* 281 F.Supp. 252, 264 n. 13 (S.D.Tex 1968) ("Once the tax or part of the assessment has been paid, the suit is no longer in the nature of an injunctive action."); *United States v. Waite, Inc.,* 480 F.Supp. 1235, 1240 (W.D.Pa.1979); Annotation, *Taxpayer's Right under 28 USCS § 2410(a) to Challenge Procedures Followed in Imposing and Enforcing Federal Tax Lien on his Property,* 38 A.L.R.Fed. 900 (1978).

**2.** Exhibit A in plaintiff's complaint appears to be a written request seeking a certificate of release for the lien, rec. vol. I, doc. 1, A; however, the pleadings mention nothing of the matter, and the complaint contains nothing more than allegations that the assessments have been removed and are unenforceable.