**Wilma J. SIMMONS, Plaintiff,**

v.

**REVENUE OFFICERS, STEVE DAN-IELS, KEITH FARRAR, & CORY ARM-STRONG, 1117; Community Psychiatric Centers of Idaho, Alex Carlson, et al; Jay Hammer Disclosure Officer, & Robert E. Wenzel, Director Both From Regional Office Ogden; and Unnamed Does, Defendants.**

**No. CV 92–0169–S–EJL.**

United States District Court,
D. Idaho.

Feb. 11, 1994.

Wilma J. Simmons, pro se.

Betty H. Richardson, U.S. Atty., Boise, ID, Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the U.S.

Jack S. Gjording, Cosho, Humphrey, Greener & Welsh, Boise, ID, for defendants, Community Psychiatric Centers of Idaho and Alex Carlson.

## ORDER ADOPTING REPORT AND RECOMMENDATION

LODGE, Chief Judge.

### BACKGROUND

On March 31, 1993, United States Magistrate Judge Mikel H. Williams issued his

report and recommendation ("Report and Recommendation") in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff had ten days in which to file written objections to the report and recommendation. After obtaining an extension of time from the court to file her objections by May 23, 1993, the plaintiff filed her objections to the Report and Recommendation on May 24, 1993.

■ Although plaintiff's objections were not timely filed, this court will conduct a de novo review of the record. It is a statutory and constitutional obligation of the district court "to arrive at its own independent conclusion about those portions of the magistrate's report to which objections are made." *United States v. Remsing,* 874 F.2d 614, 618 (9th Cir.1989). Under 28 U.S.C. § 636(b)(1), this court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate.

Since the issuance of the Report and Recommendation, several motions have been filed by the parties. On May 11, 1993, plaintiff filed a Demand to Strike Order Dismissing Defendants Community Psychiatric Centers of Idaho and Alex Carlson (Docket No. 15). The United States has moved to dismiss plaintiff's remaining claims and for summary judgment on July 19, 1993 (Docket No. 19). The United States also filed a brief in support of its motion to dismiss on July 19, 1993. Plaintiff filed a Rebuttal and Objection to the motion to dismiss on August 9, 1993. The United States filed a reply brief on August 23, 1993.

This is an action in which the pro se plaintiff has alleged that the agents of the Internal Revenue Service ("IRS") have improperly levied upon her wages and property without following the appropriate statutory guidelines. In the Report and Recommendation, Judge Williams indicated that the plaintiff failed to establish subject matter jurisdiction for her claim of injunctive relief, her claim for civil damages and her claim for recovery of monies already collected by the IRS from her employers. Judge Williams allowed the plaintiff thirty (30) days from the date of the Report and Recommendation to amend her complaint in order allege facts to cure the subject matter jurisdiction problems with her

claims. The plaintiff filed an amendment to her complaint on May 24, 1993, and a second amendment to her complaint on June 9, 1993 (the second amended complaint shall be referred to as the "amended complaint"). Although the plaintiff did not have leave from the court to file the second amendment to her complaint, this court will review all amendments filed by the plaintiff to determine if subject matter jurisdiction against the government has been established by the plaintiff and if the sovereign immunity of the government has been waived.

## DISCUSSION

■ The court's review of the record was undertaken with an eye on Ninth Circuit standards regarding pro se litigants (*see Tucker v. Carlson,* 925 F.2d 330 (9th Cir. 1991)), and construing the plaintiff's pleadings in the most favorable light. Nevertheless, this court cannot waive the requirement of subject matter jurisdiction or waive the government's sovereign immunity.

I. *Subject Matter Jurisdiction Regarding Plaintiff's Injunctive Relief Claim*

■ In order to allow a claim for injunctive relief against the United States Government, one of the statutory or judicially created exceptions to the Anti–Injunction Act, 26 U.S.C. § 7421 must be alleged. The plaintiff, in her amended complaint and objections, does not allege that any of the statutory exceptions apply to her case. Further, the plaintiff failed to allege the facts necessary to establish the judicially created exception. *Elias v. Connett,* 908 F.2d 521, 523 (9th Cir.1990). The judicially created exception requires the plaintiff to allege that: 1) the government will not prevail on the merits of the case and 2) the plaintiff will suffer irreparable injury without injunctive relief. *Id.* at 525.

In her amended complaint, plaintiff merely recites a chain of events and states that the "... Plaintiff suffered violations of her rights to due process, and the right to life, liberty and property...." Plaintiff also states in her objections that "[j]urisdiction is proper, in spite of the Anti–Injunction Act, because

an exception to the Anti–Injunction Act exists by virtue of the fact that there has never been a determination of a deficiency." Objections and Amendment to Plaintiff's Motion, Docket No. 16, p. 2. Clearly, a determination of deficiency has occurred since plaintiff attached as an Exhibit to her original complaint the Notice of Deficiency she received from the IRS regarding the 1984 assessment.

Next, the plaintiff argues in her objections that jurisdiction is also proper since not to enjoin the IRS would violate the "Supreme Law of the Land" and cites the First, Fourth and Fifth Amendment to the U.S. Constitution. These broad constitutional arguments are insufficient to establish subject matter jurisdiction over plaintiff's injunctive claim.

Because plaintiff failed to establish the grounds for an exception to the Anti–Injunction Act in her amended complaint or in her objections to the Report and Recommendation, the court finds that plaintiff's claims for injunctive relief to enjoin the IRS tax assessment and collection efforts against her should be dismissed for lack of subject matter jurisdiction.

## II. Sovereign Immunity and Plaintiff's Claim for Civil Damages

■ A plaintiff may only sue the government for civil damages if the government has expressly consented to be sued. *United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) and *Overton v. United States,* 925 F.2d 1282 (10th Cir.1991). Unless the government has waived its sovereign immunity, it is appropriate for the court to dismiss an action for lack of subject matter jurisdiction. Plaintiff's amended complaint does not allege waiver by government of its sovereign immunity. In plaintiff's objections, jurisdiction is claimed to be proper under the following statutes: 28 U.S.C. §§ 1331, 1340, 1361, 1391(e), 2410(a) and 2463; 42 U.S.C. § 1983. None of these statutes waive the sovereign immunity of the government and therefore plaintiff's claim should be dismissed for a lack of subject matter jurisdiction.

## III. Sovereign Immunity and Plaintiff's Claim to Recover Sums Withheld

Since plaintiff's amended complaint does not provide a legal basis to waive sovereign immunity, this court is still without subject matter jurisdiction over this claim and such claim should be dismissed.

## IV. Suit Against Employer

■ On April 15, 1993, defendants Community Psychiatric Centers of Idaho and Alex Carlson filed a Motion to Dismiss Defendants Community Psychiatric Centers of Idaho and Alex Carlson; Motion to Quash Service of Process and Opposition to Plaintiff's Demand for Default (Docket No. 7). Judge Williams granted the defendants Community Psychiatric Center's and Alex Carlson's (employers of the plaintiff) motion to dismiss on May 5, 1993. Plaintiff filed a Demand to Strike Order Dismissing Defendants Community Psychiatric Centers of Idaho and Alex Carlson on May 11, 1993. Since the plaintiff did not address the dismissal of employers in her objections or amended complaint, the court will consider her motion to strike the specific defendants' dismissal as an objection.

The magistrate judge granted the motion for dismissal of the specific defendants on May 5, 1993. Plaintiff objected to the order in that she did not have fourteen days to review and respond to the proposed order under Local Rule 7.1. The plaintiff misapplies the Local Rule. If a motion is filed, the opposing party has fourteen days to respond to such motion. Here, the motion to dismiss was filed on April 15, 1993. The order was entered on May 5, 1993. Clearly, the plaintiff had the required fourteen days to respond, but chose not to do so. Local Rule 7.1 does not in any way require that opposing parties have fourteen days to respond to proposed orders. Therefore, the magistrate judge was within his authority, and the order issued was consistent with the magistrate's analysis in the Report and Recommendation. This court adopts in its entirety the analysis of Judge Williams in determining that the claims against the plaintiff's employers should be dismissed.

## CONCLUSION

Because the court finds the Report and Recommendation of Judge Williams to be well founded in law, the court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams. Further, since the plaintiff has failed to establish subject matter jurisdiction or the waiver of the government's sovereign immunity for her claims in her amended complaint or via her objections, plaintiff's objections are overruled and this case is hereby dismissed with prejudice. All other pending motions are moot based on this order.

## ORDER

Acting upon the recommendation of Judge Williams, and this court being fully advised in the premises,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's objections to the Report and Recommendation are **OVERRULED,** and Magistrate Judge Williams' Report and Recommendation is **ADOPTED** in its entirety;

(2) Plaintiff's amended complaint and objections fail to establish subject matter jurisdiction or the waiver of the government's sovereign immunity for her claims for relief and therefore the case is **DISMISSED** with prejudice; and

(3) All other pending motions regarding this case are summarily **DISMISSED** as being moot based on the dismissal of this action.