**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAXIMINO ARRIAGA,

    Plaintiff - Appellant,

v.

SIDNEY ROBERTS; TONY
WASHINGTON; BRUCE BURNHAM,

    Defendants - Appellees.

No. 19-4053
(D.C. No. 2:16-CV-00031-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Maximino Arriaga, a Utah state prisoner proceeding pro se, appeals the district

court's grant of summary judgment in favor of defendants on his claims under

42 U.S.C. § 1983.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Arriaga alleged in his amended complaint that defendants denied him

medication for pain in his lower back because he is an illegal alien.  Defendants

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

moved for summary judgment. The district court held that the following facts were

undisputed:

- During a medical appointment, Sidney Roberts, a doctor at the Utah State Prison (USP), denied Arriaga's request for Neurontin because he believed that drug was not medically indicated. Roberts instead offered ibuprofen or Tylenol, which Arriaga declined. Roberts was not aware of Arriaga's immigration status.

- Tony Washington is the administrator of the medical department at USP. He does not provide medical treatment or give input regarding clinical decisions for patients. Washington has never met Arriaga and is not otherwise familiar with him.

- Bruce Burnham was the USP medical director at the relevant time, but he did not treat Arriaga.

Based on these undisputed facts, the district court held that, although Arriaga

had identified Washington and Burnham as supervisors, he failed to point to any

material facts linking them to his claims. The court therefore dismissed Arriaga's

claims against these defendants. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441

(10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.");

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation

is an essential allegation in a § 1983 claim.").[1]

The district court then held that Roberts was entitled to qualified immunity on

Arriaga's claim alleging inadequate medical care because the undisputed facts failed

to demonstrate a constitutional violation, which is one of the two prongs of the

---

[1] Although the district court stated the claims against Washington and Burnham were "dismissed," R., Vol. I at 141, we construe the court's order as granting the defendants' motion for summary judgment on these claims.

2

qualified-immunity test. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Absent any evidence that Roberts was aware of Arriaga's immigration status, the court held that he failed to show a constitutional violation on that basis. And it held that Arriaga also failed to show that Roberts was deliberately indifferent to Arriaga's serious medical needs, in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This was so because a prisoner's disagreement with a doctor's medical judgment "does not constitute deliberate indifference." *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (holding that a prisoner's complaint that he was not given his desired medication did not rise to the level of a constitutional violation). And Arriaga had alleged only his disagreement with Roberts' medical judgment in refusing to provide him with the specific pain medication that he requested. The district court therefore granted summary judgment in favor of Roberts.

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to Arriaga. *See Koch v. City of Del City*, 660 F.3d 1228, 1237-38 (10th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But with regard to the district court's grant of qualified immunity to Roberts, Arriaga has the initial burden of demonstrating that Roberts violated a clearly established constitutional right. *See Koch*, 660 F.3d at 1238. Because Arriaga is proceeding pro se, we

3

liberally construe his appeal briefs, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), as well as his amended complaint, *see Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991).

Arriaga does not challenge any of the district court's rulings on his claims alleging a denial of pain medication. He instead argues that defendants violated his constitutional rights by failing to ensure he was assigned to a bottom bunk to prevent him from falling out of bed and suffering further injury. The district court noted that Arriaga raised this issue in response to defendants' summary judgment motion. But in ruling on that motion, the court considered only the claims that Arriaga had asserted in his amended complaint, which did not allege any claim based upon his bunk assignment. Arriaga argues that the "court should step in to fix the problem" with his amended complaint. Reply Br. at 4. But the district court did not err in limiting its analysis to the claims that he actually alleged. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury"); *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (holding that liberal construction of a pro se complaint does not mean a court will "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

We have reviewed the parties' briefs and the district court's thorough and well-reasoned memorandum decision and order granting summary judgment in favor of defendants. Finding no reversible error, we affirm the district court's judgment for

4

the reasons stated in its summary judgment order.  We grant Arriaga's motion for leave to proceed on appeal without prepayment of fees and costs.

Entered for the Court


Mary Beck Briscoe
Circuit Judge