970 F.2d 733
 70 A.F.T.R.2d 92-5390, 92-2 USTC P 50,391,
23 Fed.R.Serv.3d 645
 James E. GUTHRIE; Beatrice M. Guthrie, Plaintiffs-Appellants,
v.
K.J. SAWYER, District Director; Gary L. Collins, Chief,
Special Procedures; V. Regan, Chief, Collection Division;
Karen Babcock, Internal Revenue Officer; Commissioner of
the Internal Revenue Service; Internal Revenue Service, Defendants,
and
United States of America, Defendant-Appellee.
Wayne E. WELLS; Dorothy R. Wells, Plaintiffs-Appellants,
v.
K.J. SAWYER, District Director; Gary L. Collins, Chief,
Special Procedures; V. Regan, Chief, Collection Division;
Karen Babcock, Internal Revenue Officer; Commissioner of
the Internal Revenue Service; Internal Revenue Service, Defendants,
and
United States of America, Defendant-Appellee.
 Nos. 91-5010, 91-5011.
 United States Court of Appeals,
Tenth Circuit.
 July 21, 1992.
 
 James E. Guthrie and Beatrice M. Guthrie, pro se.
 Wayne E. Wells and Dorothy E. Wells, pro se.
 Shirley D. Peterson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Gary R. Allen, David I. Pincus, and Kimberly S. Stanley, Attys., Tax Div., Dept. of Justice, Washington, D.C., and Tony M. Graham, U.S. Atty., N.D. Okl., for defendant-appellee.
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 In these consolidated cases, the pro se taxpayers appeal the district court's disposition of their suits challenging the proceedings by which the Internal Revenue Service (IRS) collected federal income taxes assessed against them. James and Beatrice Guthrie contend that (1) the tax liens filed against them and the levies on their wages are invalid because the IRS failed to exercise due diligence in mailing to them the statutorily-mandated notices of deficiency, and (2) that procedurally improper assessments were executed against them. They also claim the district court erred in failing to allow them additional discovery. Wayne and Dorothy Wells assert that the IRS failed to follow correct procedures in the assessment and levy process. For the reasons set out below, we affirm the summary judgment granted against the Guthries. We reverse the summary judgment granted against the Wellses and remand for further proceedings.[1]I.
 
 
 2
 We commence our consideration of the taxpayers' claims by reviewing the applicable statutory provisions. The notice of deficiency begins the interaction between the taxpayer and the IRS. Upon the determination that a tax deficiency exists, I.R.C. § 6212 (1988) authorizes the IRS to send a notice of the deficiency to the taxpayer at his last known address. Under I.R.C. § 6213, the taxpayer ordinarily has ninety days after the mailing of the notice of deficiency to file a petition in the Tax Court challenging the deficiency determination. If the taxpayer goes to Tax Court, he may obtain a redetermination of deficiency, which amount is not assessed or required to be paid until the Tax Court decision has become final. See I.R.C. §§ 6213(a), 6215. The notice of deficiency is thus the "ticket" to the Tax Court that allows the taxpayer to challenge the tax assessment before paying it.
 
 
 3
 If the taxpayer does not go to Tax Court within ninety days, the IRS is authorized to assess the deficiency against the taxpayer, who must pay upon notice and demand. See I.R.C. § 6213(c). The IRS must give this notice, containing the amount and a demand for payment, within sixty days of making the assessment. See I.R.C. § 6303(a). If the deficiency is not paid, a lien arises in favor of the United States on all real and personal property of the taxpayer, see I.R.C. § 6321, as of the time the assessment is made, see I.R.C. § 6322. The IRS is also authorized to levy upon the taxpayer's property, after notice, to recover unpaid taxes. See I.R.C. § 6331.
 
 
 4
 A taxpayer who wishes to challenge the activities of the IRS in sending a notice of deficiency or issuing a notice of assessment and demand for payment must bring suit under a statute that waives the sovereign immunity of the United States. See generally United States v. Dalm, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).[2] The Anti-Injunction Act, 26 U.S.C. § 7421 (1988), prohibits suits restraining the assessment or collection of taxes, with a significant exception relevant to the Guthries. Section 6213(a) of the Act specifically authorizes an injunction prohibiting an assessment or levy when the taxpayer has not received a notice of deficiency.
 
 
 5
 In addition, 28 U.S.C. § 2410 (1988) authorizes civil actions against the United States to, inter alia, quiet title to "real or personal property on which the United States has or claims a mortgage or other lien." While section 2410(a) thus waives sovereign immunity for quiet title actions involving tax liens, that section may "not be construed as permitting a collateral attack on the merits of a tax assessment." Schmidt v. King, 913 F.2d 837, 839 (10th Cir.1990). "When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action." Id.
 
 
 6
 Although the above-quoted language is consistent with unanimous federal authority on the issue, see, e.g., Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992); McCarty v. United States, 929 F.2d 1085, 1088 (5th Cir.1991), other language in Schmidt states, to the contrary, that "[s]ection 2410 does not extend to challenges for procedural irregularities in assessment or collection of taxes." Schmidt, 913 F.2d at 839. To eliminate confusion caused by this inconsistency, we now disapprove the latter statement and specifically hold that while a quiet title action may not be used to seek review of the amount of tax liability assessed, that statute does waive sovereign immunity with respect to procedural violations arising from assessment, levy, and seizure.[3]
 
 
 7
 We also take this opportunity to discuss the interrelationship of the quiet title statute and the statutory exception to the Anti-Injunction Act, and to clarify those challenges that may properly be brought under each provision. Other courts that have addressed the issue have reached differing results. See Geiselman v. United States, 961 F.2d 1, 4 n. 1 (1st Cir.1992) (noting disagreement over whether alleged defect in notice of deficiency may be brought in quiet title action under section 2410). In Robinson v. United States, 920 F.2d 1157 (3d Cir.1990), the court considered a quiet title action under section 2410 challenging a tax lien on the ground that the taxpayer had failed to receive a notice of deficiency. Although recognizing that section 2410 cannot be used to challenge the existence or extent of substantive tax liability, see id. at 1159, the court nonetheless allowed the lack of a deficiency notice to be challenged in a quiet title action apparently upon concluding that the taxpayer had no other forum in which to raise the issue, see id. at 1160-61. This conclusion is troublesome.
 
 
 8
 As set out above, the statutory exception to the Anti-Injunction Act provided by I.R.C. § 6213(a) specifically authorizes an injunction prohibiting an assessment or levy when the taxpayer has not received a deficiency notice. The court in Robinson stated that notwithstanding this statutory language, an injunction would be unavailable if the taxpayer had an adequate remedy at law. The court further held that the option to pay the tax and then file a refund action is such a legal remedy. Whether a taxpayer must show the lack of a remedy at law to invoke the statutory exception to the Anti-Injunction Act is an issue on which the circuits are split. See Keado v. United States, 853 F.2d 1209, 1214 n. 13 (5th Cir.1988) (recognizing split without taking position on the issue and citing cases). One leading commentator has stated that "[s]ection 6213 does not require a showing of irreparable injury as a prerequisite to injunctive relief." J. Mertens, Jr., Mertens Law of Federal Income Taxation § 49E.39 (1991). This position appears to us to be the better view. The purpose of the statutory exception is to preserve the taxpayer's right to litigate his tax liability in Tax Court before paying the tax. If the availability of a refund suit after payment prohibits the taxpayer from obtaining an injunction to protect his right to litigate first, that right is virtually meaningless. Under this approach, this right would be available only upon a showing that the taxpayer could not pay the tax. We have difficulty believing that Congress intended to give with one hand and take back with the other.
 
 
 9
 We perceive another logical flaw in the Robinson court's position. The failure to receive a notice of deficiency is grounds for injunctive relief because lack of the notice prevents the taxpayer from going to Tax Court. The only reason a taxpayer wants to go to Tax Court is to challenge the amount of the deficiency. As we have noted, the law is clear that a challenge to the amount of the alleged deficiency cannot be raised in a quiet title action. Nevertheless, the court in Robinson granted relief in a quiet title action based on the taxpayer's failure to receive a notice of deficiency even though the taxpayer admitted he owed the taxes and thus had no reason to go to Tax Court.
 
 
 10
 The court in Elias v. Connett, 908 F.2d 521 (9th Cir.1990), contrary to the holding in Robinson, did not permit the taxpayer to raise in a quiet title action the failure to get a notice of deficiency, concluding as we do that this claim addressed "the merits of [the taxpayer's] assessment rather than the procedural validity of the IRS's lien." Id. at 527. Although we agree with Elias that a claim based on the failure to receive a notice of deficiency is in essence an attack on the amount of tax liability asserted, we do not agree with that court's apparent position that a taxpayer invoking the statutory exception to the Anti-Injunction Act premised on the failure to receive a deficiency notice must also show the lack of an adequate remedy at law. Id. at 523, 526-27.
 
 
 11
 In sum, we hold that a taxpayer may obtain injunctive relief under section 6213(a) based on the failure to receive a deficiency notice notwithstanding the availability of a refund suit. A taxpayer is not entitled to raise this procedural defect in a quiet title action because the purpose of a deficiency notice is to enable a challenge in the Tax Court to the amount of the assessment. We reiterate our modification of Schmidt and hold that the alleged failure of the IRS to assess properly or to send valid notices of assessment and demands for payment are procedural defects cognizable in a quiet title suit. We now apply this legal analysis to the claims made by the Guthries and the Wellses.
 
 II.
 
 12
 In their appeal,[4] James and Beatrice Guthrie first contend the IRS failed to send them the required deficiency notice. The section 6213 exception to the Anti-Injunction Act waives sovereign immunity as to this claim. Although the bulk of their argument concerns the alleged failure of the IRS to follow its own procedures in ascertaining their last known address, we construe the Guthries' argument to include a claim that they did not actually receive the notices. In a report and recommendation adopted by the district court, the magistrate granted summary judgment for the IRS on this issue, concluding on the record that the IRS had properly mailed deficiency notices to the Guthries at their last known address.
 
 
 13
 The IRS satisfies its obligation to mail a notice of deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice. See Guillen v. Barnes, 819 F.2d 975, 977 (10th Cir.1987). The record here contains uncontroverted evidence that the notices were in fact mailed to the Guthries' then current and correct address. The IRS presented evidence that a deficiency notice, dated March 12, 1986, was sent to James Guthrie, Rural Route 2, Box 143, Jennings, Oklahoma. See Defs.' Ex.List, 2 & 3. The Guthries included evidence which shows that the Box 143 address was their correct address on March 12, 1986, when the notice was sent. See rec., vol. I, doc. 3, ex. H. Although the Postal Service subsequently changed the Guthries' box number, that change was not effective until June 6, 1986. See id. The envelope in evidence shows that Mr. Guthrie received his first notice to pick up certified mail containing the deficiency letter on March 13, 1986, and received a second notice on March 21. The letter further shows that it was returned to the IRS, marked unclaimed, on March 29, 1986. This undisputed evidence defeats the Guthries' claim that the notice was misdirected or otherwise not sent to their last known address.
 
 
 14
 The Guthries also contend the tax liens against them are invalid because the IRS failed to establish that procedurally proper assessments had been executed against them. As we have said, the quiet title statute waives sovereign immunity as to this claim. The district court concluded that the documents provided by the IRS showed presumptively correct tax assessments, which the Guthries failed to rebut. We agree. The IRS submitted certificates of assessments and payments, known as form 4340s, which set out the assessments against the Guthries. See Defs.' Ex.List, doc. 1. The Guthries' argument that those forms do not establish a procedurally proper assessment is without legal support. "Certificates of Assessments and Payments are 'routinely used to prove that tax assessment has in fact been made.' They are 'presumptive proof of a valid assessment.' " Geiselman, 961 F.2d at 6 (citations omitted); Hughes, 953 F.2d at 535. If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made. Id.
 
 
 15
 Finally, the Guthries raise a procedural argument, asserting that the district court erred in failing to rule on their discovery motions before granting summary judgment for the IRS. The Guthries contend that the court should have viewed their discovery requests as made under Fed.R.Civ.P. 56(f), and that the court granted summary judgment prematurely without allowing them sufficient opportunity to discover facts within the exclusive control of the IRS surrounding the mailing of the deficiency notices and the propriety of the assessments.
 
 Rule 56(f) provides:
 
 16
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 17
 "The protection afforded by Rule 56(f) ... is designed to safeguard against a premature or improvident grant of summary judgment." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir.1986). We agree with the Guthries that "sufficient time for discovery is especially important when relevant facts are exclusively in the control of the opposing party." Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.1985). However, Rule 56(f) requires that a party seeking to invoke its protection file an affidavit stating with specificity how "the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment." Pasternak, 790 F.2d at 833; Weir, 773 F.2d at 1082-83. "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable...." Pasternak, 790 F.2d at 833. Moreover, merely asserting " 'that the evidence supporting a [party's] allegation is in the hands of the [opposing party] is insufficient to justify a denial of a motion for summary judgment under Rule 56(f).' " Weir, 773 F.2d at 1083 (quoting Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.1984)).
 
 
 18
 The Guthries did not file an affidavit nor did they otherwise provide the district court with an adequate explanation of how the additional discovery they desired would enable them to rebut the showing made by the IRS in support of its summary judgment motion. We therefore conclude that the court did not abuse its discretion in granting summary judgment without permitting further discovery. See Pasternak, 790 F.2d at 833; Weir, 773 F.2d at 1082-83 & n. 10. The court in McCarty, 929 F.2d 1085, reached the same result in strikingly similar circumstances. There, a pro se taxpayer raised virtually the same arguments asserted by the Guthries and resisted the IRS's motion for summary judgment on the same grounds the Guthries invoked here. The IRS had supported its motion with the same official forms and other documents we have described above. In affirming summary judgment for the IRS, the court stated that "[t]he information sought [by the taxpayers] was not relevant to the issues before the court and would not have produced facts to refute the government's evidence that it satisfied the procedural prerequisites to levy on [the taxpayer's] property." Id. at 1089. That statement is equally applicable here.
 
 
 19
 The district court properly granted summary judgment in favor of the IRS.
 
 III.
 
 20
 Wayne and Dorothy Wells asserted in the district court that the IRS failed to record the assessment against them, and failed to issue a notice of assessment and demand for payment or a notice of intent to levy. In a report and recommendation adopted by the district court, the magistrate concluded that 28 U.S.C. § 2410, the quiet title statute, does not waive sovereign immunity for such claims and granted summary judgment for the IRS. In so doing, the magistrate understandably relied on the language in Schmidt which we have now disapproved. See infra Part I. Under our holding today, procedural deficiencies with respect to recording assessments and issuing notices and demands for payment may be brought under section 2410. Accordingly, we reverse the grant of summary judgment for the IRS and remand for further proceedings.[5]
 
 
 21
 The grant of summary judgment against the Guthries is AFFIRMED. The grant of summary judgment against the Wellses is REVERSED and that case is REMANDED for further proceedings.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [2]
 Subject matter jurisdiction is provided by 28 U.S.C. § 1340 (1988), which states in pertinent part that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." This statute, however, does not constitute a waiver of sovereign immunity. See Arford v. United States, 934 F.2d 229, 231 (9th Cir.1991)
 
 
 [3]
 This clarification has been submitted to and unanimously approved by the court en banc. We point out that our disapproval of this statement does not affect our decisions subsequent to Schmidt that have relied upon it. See Overton v. United States, 925 F.2d 1282, 1285 n. 1 (10th Cir.1991); Lonsdale v. United States, 919 F.2d 1440, 1443 (10th Cir.1990). We view Overton and Lonsdale as entirely consistent with the position we take here
 
 
 [4]
 The Guthries asserted numerous claims in the district court, all of which were resolved against them on summary judgment, and many of which they have abandoned on appeal
 
 
 [5]
 The Wellses also assert on appeal a claim that the IRS is liable for unauthorized disclosure of their return information. The IRS responds by contending that this claim was not properly raised below. In view of our conclusion that this case must be remanded, we do not address this issue. We likewise do not reach the Welles' argument that the district court erred in holding their Rule 56(f) motion moot and we reject the IRS's request that we review this case on the merits