996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 R. Bruce HARTNETT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-3332.
 United States Court of Appeals, Tenth Circuit.
 June 24, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant R. Bruce Hartnett appeals from a judgment granting defendant-appellee United States of America's motion for summary judgment. We affirm.
 
 
 2
 Plaintiff failed to file federal income tax returns for the years 1985 through 1988. The Internal Revenue Service (IRS) sent a notice of deficiency for the unpaid taxes. The IRS made an assessment against plaintiff on April 9, 1990. It asserts that that day it sent him a document entitled "Statement of Change to Your Account." An IRS employee recorded on several Form 4340, "Certificate of Assessments of Payments" (certificates), that a "first notice" was given to plaintiff on April 9, 1990. "First notice" is a shorthand term for the notice of assessment and demand for payment required by 26 U.S.C. § 6303(a). "First notice" referred to the Statement of Change to Your Account. Plaintiff acknowledged receipt of the statement in two letters to the IRS.
 
 
 3
 Plaintiff failed to pay the assessment. The IRS sent a notice of intent to levy, of which plaintiff acknowledged receipt. The IRS later filed a notice of federal tax lien in the amount of $141,181.12.
 
 
 4
 When the IRS failed to release the lien following plaintiff's demand, he commenced the present action pursuant to 28 U.S.C. § 2410, seeking to quiet title to his property, compensation for property that had been seized, and damages for the IRS's failure to release the lien. The district court granted defendant's motion for summary judgment.
 
 
 5
 We first address whether this action was properly before the district court. Under 28 U.S.C. § 1340, a district court has subject matter jurisdiction of any civil action arising under a federal internal revenue statute. This section does not, however, waive the sovereign immunity of the United States. Guthrie v. Sawyer, 970 F.2d 733, 735 n. 2 (10th Cir.1992). Section 2410(a)[1] waives this sovereign immunity in a quiet title action challenging procedural irregularities in the establishment of a tax lien. Id. at 735.
 
 
 6
 Defendant argues for the first time on appeal[2] that sovereign immunity was not waived under § 2410 because plaintiff's complaint failed to set forth with particularity the property to which the lien attached. A plaintiff must comply with the pleading requirements of § 2410 to effectuate a waiver of sovereign immunity. Clark v. United States, 760 F.Supp. 664, 665 (W.D.Mich.1991). However, we see nothing in § 2410[3] or Clark requiring that the complaint set forth with particularity the property to which the lien attached.
 
 
 7
 Defendant's real concern is that plaintiff's action only seeks a refund of $786.77 the IRS seized from his bank account. It contends that such an action would be jurisdictionally barred under § 2410 because the government now claims a title, rather than lien, interest in this property. See Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). Further, it argues that plaintiff's action must fail if it seeks to avoid garnishment of future wages. It notes that Kansas law requires one bringing a quiet title action to allege title to, and actual possession of, the subject property.
 
 
 8
 Plaintiff's complaint does not specify the property to which the lien attaches. Nevertheless, we reject defendant's contention for several reasons. First, plaintiff's complaint does allege that "Defendants have liened Plaintiff's property and threaten to seize Plaintiff's property." IR. doc. 1 at 5. It demands that the lien be removed from plaintiff's property and separately requests compensation for property that has been seized. Liberally construing plaintiff's pro se complaint, Haines v. Kerner, 404 U.S. 519, 520 (1972), we conclude it sufficiently alleges that plaintiff seeks to quiet title to property other than the $786.77 seized from his bank account.
 
 
 9
 Additionally, if the IRS's speculation that plaintiff is seeking to avoid garnishment of future wages is correct, we have previously rejected the IRS's argument that jurisdiction was lacking under § 2410 in such an action because plaintiffs did not have title interest in their unpaid or unearned wages. James v. United States, 970 F.2d 750, 755 n. 11 (10th Cir.1992). We are bound by this holding. United States v. Cooper, 956 F.2d 960, 961 (10th Cir.1992). The action was properly before the district court.
 
 
 10
 Turning to the merits, plaintiff argues that summary judgment should not have been granted because he presented a genuine issue of material fact as to whether the IRS sent a notice and demand as required by § 6303(a).[4] We review a grant of summary judgment de novo, applying the same legal standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment may be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 11
 Plaintiff submitted an affidavit denying that he received the notice and demand. However, the certificates noted that a first notice was sent to plaintiff on April 9, 1990. The procedural requirements of § 6303 were satisfied upon sending the notice. James, 970 F.2d at 755. The certificates were sufficient evidence for the district court to grant summary judgment on this issue. Id.
 
 
 12
 In any event, plaintiff wrote two letters to the IRS acknowledging receipt of the Statement of Change to Your Account. He attached to the first letter copies of the bottom portions of the statement. He acknowledged at the hearing on the motion for summary judgment that he received the statement, but claimed this was not a § 6303 notice and demand. II R. doc. 27 at 5. This position has no merit. The form on which the notice and demand is made is irrelevant if it provides the taxpayer with the information required under § 6303(a). Long v. United States, 972 F.2d 1174, 1181 (10th Cir.1992). Plaintiff has never contended that the statement did not provide the required information.
 
 
 13
 Plaintiff next contends he identified a genuine issue of material fact as to whether the certificates were signed by two different officers. However, he has not shown that either individual lacked authority to sign the certificates, nor has he cited any authority for the proposition that the signing of the certificates by different persons invalidates the assessment. It is not the court's proper function to assume the role of advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Thus, plaintiff failed to show that any dispute concerning this issue goes to a material fact.
 
 
 14
 Plaintiff argues the district court abused its discretion by denying his Fed.R.Civ.P. 56(f) motion. Rule 56(f) authorizes the district court to order a continuance to permit discovery if the party opposing a motion for summary judgment cannot present facts essential to justify the party's opposition. A party seeking to invoke Rule 56(f)'s protection must file an affidavit specifying how the additional time would enable him to meet his burden in opposing summary judgment. Guthrie, 970 F.2d at 738. Plaintiff failed to show the district court[5] how the information sought would have met his burden. Consequently, the district court did not abuse its discretion in denying the Rule 56(f) motion.
 
 
 15
 Finally, plaintiff attacks the underlying assessment on the ground that IRS agent David Brown failed to meet with him. Plaintiff has identified nothing requiring IRS agents to meet with delinquent taxpayers before an assessment can be made. He therefore failed to show a procedural violation reviewable under § 2410. His claims that the IRS improperly computed the amount of his liability and that he is not subject to income taxation are likewise unreviewable under § 2410. See Guthrie, 970 F.2d at 735. Other attacks on the assessment will not be addressed because they were raised for the first time in the reply brief. Mountain Fuel Supply, 933 F.2d at 887.
 
 
 16
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This section provides in part that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... property on which the United States has or claims a ... lien."
 
 
 [2]
 Questions of sovereign immunity may be raised for the first time on appeal. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991)
 
 
 [3]
 Section 2410(b) requires in relevant part that the pleading set forth with particularity the nature of the government's lien, the taxpayer's name and address, the identity of the internal revenue office that filed the notice of tax lien, and the date and place such notice was filed
 
 
 [4]
 This section provides in part that the IRS must "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."
 
 
 [5]
 We will not consider plaintiff's arguments in support of his Rule 56(f) request that are raised for the first time on appeal in his reply brief. Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887 (10th Cir.1991)