**In re Brad L. HAYS and Deborah W. Hays, Debtors.**

**Brad L. HAYS and Deborah W. Hays, Plaintiffs,**

v.

**UNITED STATES of America, and the Commissioner of Internal Revenue, Defendants.**

**Bankruptcy No. 7–91–13810 MA. Adv. No. 93–1121 M.**

United States Bankruptcy Court, District of New Mexico.

March 9, 1994.

---

John F. Caffrey, Gerald Bischoff, Albuquerque, NM, for debtors/plaintiffs.

Charles M. Duffy, U.S. Dept. of Treasury, Washington, DC.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARK B. McFEELEY, Chief Judge.

This matter came for trial before the Court on the Plaintiffs' Complaint for Declaratory Judgment that their income tax liability for tax years 1983 and 1984 have been discharged in bankruptcy. The Court, having considered the evidence presented at tri-al, the arguments of counsel and the applicable law, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs filed their Chapter 7 bankruptcy petition on November 5, 1991. The Court entered a discharge order on December 29, 1992.[1]

2. In the Complaint, Plaintiffs seek to determine the dischargeability of the taxes set forth in the IRS's Proof of Claim filed on March 31, 1992. In an order entered on September 8, 1993, this Court exercised its discretion and abstained under 28 U.S.C. § 1334(c) from deciding all issues presented in the Complaint except whether the federal income tax liabilities owed by the plaintiffs for their 1983 and 1984 tax years are dischargeable under Bankruptcy Code §§ 523(a)(1)(A) and 507(a)(7).

3. The United States, in its answer to the Complaint, conceded that the federal taxes owed by Plaintiffs for the 1983 tax year are dischargeable. The only remaining issue is whether the federal income tax and interest liabilities owed by Plaintiffs for their 1984 tax year are dischargeable under the Bankruptcy Code.

4. Pursuant to the United States' Certificates of Assessments and Payments, the IRS made a tax and interest assessment regarding the Plaintiffs' 1984 income taxes on July 1, 1991. The assessment was for $4,706.43 in taxes and $5,062.03 in interest.

5. The United States presented evidence that the Plaintiffs' 1984 income tax return was filed on April 24, 1989, however, the Plaintiffs' claim that they filed the return on October 2, 1985. Both of the Plaintiffs testified that they had no specific recollection that the return was mailed or filed in person on October 2, 1985. Based on the evidence presented at trial, the Court finds that a copy of the Plaintiffs' 1984 return was put into the possession of the IRS sometime before May 1988, during the Plaintiffs' previous Chapter 11 bankruptcy filed in this Court.

---

1. Plaintiffs had previously filed a Chapter 11 petition on September 9, 1987 and their plan was confirmed by this Court on October 7, 1988.

## CONCLUSIONS OF LAW

Section 523(a)(1) begins the analysis and provides in relevant part the following:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt— ...

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed.

Section 507(a)(7) is applicable to these facts and provides priority status for the following class of claims:

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

.    .    .    .    .

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; ...

The United States argues it has presented unrebutted proof through the Certificate of Assessments that Plaintiffs' 1984 tax and interest liability was assessed on July 1, 1991. Since the assessment was made less than 240 days before the date Plaintiffs filed their Chapter 7 bankruptcy petition, it is clearly not dischargeable under §§ 507(a)(7)(A)(ii) and 523(a)(1).[2]

■ Title 26 U.S.C. § 6203 (the IRS Code) states that an "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." The relevant IRS regulation

provides that "[t]he assessment shall be made by an assessment officer signing the summary record of assessment" and "[t]he date of the assessment is the date the summary record is signed." 26 C.F.R. § 301.-6203–1 (1982). This Court recognizes that a Certificate of Assessments is "routinely used" to prove that an assessment was made and is considered "presumptive proof of a valid assessment." *See, Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992). Further, the date set forth in the 23–C Date column of the Certificate of Assessments is sufficient evidence that a Form 23C (summary record of assessments) was signed on that date. *See, In re Boch,* 154 B.R. 647, 651–52 (Bankr. M.D.Pa.1993). Therefore, the United States has presented prima facie proof that the assessment was made on July 1, 1991.

■ Now, the burden shifts to the Plaintiff to show that the assessment was erroneous. This the Plaintiff has failed to do. Plaintiff argues that the filing of the tax return in 1988 was a self-assessment of the tax shown on the return under 26 U.S.C. § 6201(a)(1)[3], and that the IRS unjustifiably and improperly delayed the formal recording of the assessment in the summary record of assessment until a time period that fell within 240 days of the Chapter 7 bankruptcy filing. Although the IRS may seem all-powerful, it is beyond credulity to believe that it can predict future bankruptcy filings. With this argument, Plaintiffs attempt to mask the fact that they presented no rebuttal evidence as to the incorrectness of the assessment and provided no legal authority for their argument that the IRS wrongfully delayed the assessment. Therefore, this Court holds that the assessment was made within 240 days of the Chapter 7 filing, and the tax and

---

2. The United States concedes that the penalty relating to the 1984 tax assessment, which is listed as a general unsecured claim on the IRS's proof of claim, is dischargeable under § 523(a)(7), even if the underlying tax liability is nondischargeable.· *In re Roberts,* 906 F.2d 1440, 1441 (10th Cir.1990).

3. 26 U.S.C. § 6201(a)(1) provides for assessment of taxes as follows:

(a) Authority of Secretary.

The Secretary is authorized and required to make the inquiries, determinations, and assess-

ments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) Taxes shown on return. The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title.

interest liability evidenced in the assessment is nondischargeable under Code §§ 523(a)(1)(A) and 507(a)(7)(A)(ii).

IT IS ORDERED that the claim of the United States as it relates to Plaintiffs' 1984 tax liability with interest assessed, is not dischargeable in the Plaintiffs' bankruptcy.