**Michael J. HEUN, Plaintiff,**

v.

**Don H. WILLIAMS, Director, Internal Revenue Service, Defendant.**

**No. CIV–94–494–L.**

United States District Court, W.D. Oklahoma.

June 30, 1994.

170

Michael J. Heun, pro se.

Phyllis J. Gervasio, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### ORDER

LEONARD, District Judge.

On April 6, 1994, plaintiff filed this action against Don H. Williams, an employee of the Internal Revenue Service ("IRS"). Plaintiff seeks an order enjoining defendant from seizing plaintiff's wages "until the defendant has completed the statutory Notice of Deficiency requirements as outlined in 26 U.S.C. 6212 and 6213." Complaint at 4–5.

 This matter is before the court on defendant's motion to dismiss the complaint for insufficient service of process and lack of subject matter jurisdiction. Defendant contends that plaintiff's action is barred by the doctrine of sovereign immunity. Defendant's argument is without merit and has been rejected by the Court of Appeals for the Tenth Circuit. In *Guthrie v. Sawyer*, 970 F.2d 733 (10th Cir.1992), the Court held:

A taxpayer who wishes to challenge the activities of the IRS in sending a notice of deficiency or issuing a notice of assessment and demand for payment must bring suit under a statute that waives the sovereign immunity of the United States. The Anti–Injunction Act, 26 U.S.C. § 7421 (1988), prohibits suits restraining the assessment or collection of taxes, with a significant exception.... Section 6213(a) of the Act specifically authorizes an injunction prohibiting an assessment or levy when the taxpayer has not received a notice of deficiency.

\* \* \* \* \* \*

"When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action."

*Id.* at 735 (citations omitted). Likewise, defendant's argument that this action is barred by the Anti–Injunction Act is without merit. *See id.* As plaintiff's claim is premised on the government's alleged failure to issue a notice of deficiency, it is not barred by the Anti–Injunction Act. The court concludes that dismissal is not warranted at this stage of the litigation. Defendant's motion to dismiss for lack of subject matter jurisdiction is therefore DENIED.

In response to the claim of insufficient service, plaintiff filed a motion to serve summons pursuant to 28 U.S.C. § 1915(c). The court hereby GRANTS plaintiff's Motion to Serve Summons. The Court Clerk is directed to issue and serve summons along with the Complaint filed April 6, 1994 and the Additional Complaint filed May 19, 1994 on the United States as outlined in Fed.R.Civ.P. 4(i). In light of this ruling, defendant's motion to dismiss for insufficient service of process is DENIED.

 This action, however, is dismissed with respect to Mr. Williams as an individual. The case will proceed solely against the United States. *See, e.g.,* 26 U.S.C. § 6213(a); 26 U.S.C. § 7433(a).

It is so ordered.