66 F.3d 339
 76 A.F.T.R.2d 95-6564
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John T. BRYANT, Claimant-Appellant,
v.
INTERNAL REVENUE SERVICE, CounterclaimantDefendant-Appellee.
 No. 94-1144.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1995.
 
 Before SEYMOUR, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Taxpayer-to-be John T. Bryant appeals a summary judgment for the government in this tax protest case. The court concluded that the government had established a prima facie case for the tax liabilities set forth in the complaint, and held that the taxpayer had failed to rebut that case. We affirm the decision of the district court, and grant the United States' request to impose sanctions for the bringing of a frivolous appeal. The district court had jurisdiction under IRC 7402(a) and 28 U.S.C. 1340 and 1345. Our jurisdiction on appeal arises from 28 U.S.C. 1291.
 
 Facts
 
 3
 This action began when the government sought to reduce to judgment Mr. Bryant's unpaid federal tax assessments for the years 1978, 1980 and 1981. The defendant, although admitting he had filed a return in 1978, Rec. supp. vol. I, at 8, maintained that he filed the return in error. He urged further that the District Court lacked jurisdiction over him because the government does not have "the right to the possession of [his] body, labor, liberty, and property in any and all things," and because he did not reside in Colorado. Doc. 5, at 2-3. He further claimed that he was not subject to the federal income tax because he "was born in ... New York state," of "pure Anglo-Saxon blood," and is "by birth a politically free man" and "a nonresident alien." Doc. 5, at 3 4 at 3.
 
 
 4
 The government moved for and received summary judgment. In its motion, it pointed out that the Certificate of Assessments and Payments it submitted was presumptive proof that the tax assessment was valid and correct, and contended that the defendant had raised no legitimate basis for contesting the correctness of the assessments.
 
 Discussion
 
 5
 We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.1994); Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 6
 The government correctly argues that a Certificate of Assessments and Payments is presumptive proof of the validity and correctness of an assessment. Thus, in the absence of proof to the contrary, the Certificate establishes tax liability. Guthrie v. Sawyer, 970 F.2d 733, 737-38 (10th Cir.1992); G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 (10th Cir.1975), rev'd on other grounds, 429 U.S. 338 (1977).
 
 
 7
 Mr. Bryant's arguments that he is not subject to federal income taxation are clearly without merit and have been rejected by numerous cases in this and other circuits. His request for additional discovery under Fed.R.Civ.P. 56(f) is also inappropriate since he did not comply with the terms of the rule.
 
 
 8
 Mr. Bryant also urges on appeal that the government should have alleged that the notices of deficiency for the years 1980 and 1981 were properly mailed to him. As he did not raise the matter below, that argument is waived. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). Mr. Bryant also questions the authority of the Internal Revenue Service to prepare substitute tax returns. This argument also has no merit. See IRC 6020(b)(1)-(2).
 
 
 9
 The district court's judgment in favor of the United States is AFFIRMED.[2]
 
 Sanctions
 
 10
 As we stated in Charczuk v. Commissioner, 771 F.2d 471, 475 (10th Cir.1985), "[c]ourts are in no way obligated to tolerate arguments that thoroughly defy common sense." The government has requested sanctions and Mr. Bryant has had a chance to respond. We hereby impose sanctions on Mr. Bryant in the amount of $1,500.00 in lieu of costs and attorney fees.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 In addition, Mr. Bryant has moved for leave to file an oversize reply brief. His motion is denied