**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KIM F. DOUGLASS,

      Plaintiff-Appellant,

v.

UNITED AUTO WORKERS
LOCAL UNION 31,

      Defendant-Appellee.

No. 05-3178
(D.C. No. 03-CV-2394-CM)
(D. Kan.)[*]

KIM DOUGLASS,

      Plaintiff-Appellant,

v.

GENERAL MOTORS
CORPORATION,

      Defendant-Appellee,

   and

UNITED AUTO WORKERS
LOCAL UNION 31,

      Defendant.

No. 05-3184
(D.C. No. 03-CV-2325-CM)
(D. Kan.)

---

[*]    These cases were consolidated for discovery purposes only in the district court. Because the appeals arise from common facts and raise similar issues, we now order them consolidated for disposition under Fed. R. App. P. 3(b).

**ORDER AND JUDGMENT**[**]

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

Kim Douglass, an African-American woman born in 1956, is a former employee of General Motors Corporation (GM) and a former member of United Auto Workers Local 31 (Local 31). During her time with GM, Ms. Douglass sustained a number of injuries–some work related, some not–that caused her a certain amount of disability. After leaving GM she sued the company claiming that it had violated state and federal laws by refusing–allegedly because of her age, gender, and race–to properly accommodate her physical limitations. She sued Local 31 separately, claiming that the union failed to protect her rights and, in many instances, facilitated and participated in the discrimination. The district court granted summary judgment for GM and Local 31 and dismissed both lawsuits. Ms. Douglass appeals, alleging various points of district court error.

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Discussion

We have carefully reviewed the briefs, the records, and the law applicable to these cases. Since the district court granted summary judgment our review is de novo and we have applied the same legal standard used by the district court: "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quoting Fed.R.Civ.P. 56(c)). We have viewed the evidence, and have drawn all reasonable inferences therefrom, in the light most favorable to Ms. Douglass, *id.*, and, because of Ms. Douglass' pro se status, we have liberally construed her pleadings in the district court, *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005), and her filings in this court, *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1165 (10th Cir. 2003).

Having done so, we discern no reversible district court error and affirm the district court's judgments for substantially the reasons stated in its March 31, 2005, orders granting summary judgment. We do, however, wish to discuss in more detail Ms. Douglass' argument that the district court erred by failing to rule on one of her discovery motions.

-3-

<u>District Court's Failure to Rule on Motion to Compel</u>

Ms. Douglass argues the district court erred by entering summary judgment without first ruling on an outstanding motion to compel discovery.[1]  We disagree because (1) Ms. Douglass did not file an affidavit under Federal Rule of Civil Procedure 56(f) stating the reasons why she could not present facts essential to justify her opposition to summary judgment, and (2) none of her other filings fulfilled the requirements of Rule 56(f).

1.  Procedural History

Ms. Douglass filed a motion to compel seeking to force Local 31 to more fully respond to discovery.  The district court denied the motion on the ground that she had not provided any argument or reasons why Local 31 should be compelled to answer her discovery requests.  Ms. Douglass then filed a similar motion to compel against GM.  In its order denying this motion the district court noted that Ms. Douglass:

> fail[ed] to identify the particular interrogatory and request for production to which each of her various arguments applie[d].  She also provide[d] some factual information, but she [did] not explain how those facts pertain[ed] to any particular interrogatory or request

---

[1]    Ms. Douglass fails to comply with Federal Rule of Appellate Procedure 28 (setting forth the requirements for appellate briefs) in presenting this point. Among other failures, she does not identify the discovery motion(s) to which she is referring and no discovery motions are contained in the record.  Although this failure justifies dismissal of this point, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (holding that pro se appellants are required to follow procedural rules), we have supplemented the record with district court documents 38, 48, 54, 71, 73, and have proceeded to the merits.

nor [did] she explain how such factual information would entitle her to receive any particular information or documents from [GM].

R. (05-3184), Doc. 71 at 1. The court found that these failures "[left] the Court without sufficient information to make an adequate and fair ruling." *Id.* at 2. The district court did, however, give Ms. Douglass ten days to file a supplemental motion curing the referenced defects.

Before Ms. Douglass' second motion to compel was denied, GM filed a motion for summary judgment. Ms. Douglass opposed the motion by arguing, among other things:

> Pursuant to Federal Rule 56(f), because of discovery not being complete and plaintiff could not obtain other discovery the court should refuse defendants [sic] request for Summary Judgment. Plaintiff can not obtain affidavits because her REQUEST FOR INTERROGATORIES were not answered, and her REQUEST FOR PRODUCTION OF DOCUMENTS were not produced in its entirety.

R. (05-3184), Doc. 67 at 11.

Ms. Douglass thereafter filed a supplemental motion to compel within the district court's ten day deadline. GM opposed the supplemental motion on the ground that Ms. Douglass still failed to provide a concise statement of facts, to explain how GM's responses to the discovery requests were improper, or to provide legal argument or authorities in support of her motion. The court granted summary judgment without ruling on the supplemental motion to compel.

2.  Analysis

"[T]here is no requirement in Rule 56, Fed. R. Civ. P., that summary judgment not be entered until discovery is complete." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1518 (10th Cir. 1994) (quotation omitted). Nevertheless, Rule 56(f) states in pertinent part:

> Should it appear from the *affidavits* of a party opposing [summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained . . . or discovery to be had . . . .

(emphasis added).  "[T]he Supreme Court has held that, under Fed. R. Civ. P. 56(f), 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Dreiling v. Peugeot Motors of Am., Inc.*, 850 F.2d 1373, 1376 (10th Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  "[T]his protection[, however,] arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion," *id.*, and stating "with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992).

Ms. Douglass filed no Rule 56(f) affidavit.  Some circuits, however, have held that a Rule 56(f) affidavit is not always required.  In *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987), for example, the

-6-

Ninth Circuit reversed a summary judgment where the district court had not first ruled on the non-movant's pending discovery motion. *See* 26 F.3d at 1518. In that case, the court held that the pending discovery motion satisfied the affidavit requirement of Rule 56(f) because the motion

> made clear the information sought, did not seek broad additional discovery, but rather sought only the personnel records of the 16 named firefighters and indicated the purpose for which this information was sought, namely, to determine whether similarly situated firefighters were being treated differently on the basis of race.

*Garrett*, 818 F.2d at 1518-19.

In *Public Service Co.*, the question before this court was whether the district court erred when it "enter[ed] summary judgment . . . before granting relief on [the non-movant's] motions for protective orders and . . . motion to compel discovery." 26 F.3d at 1518. We distinguished *Garrett* on the ground that the non-movant's motion to compel and other materials at issue in *Public Service Co.*, made "no showing of specific evidence expected to be obtained [by non-movant if more time was granted]." *Id.*

The same can be said in the case at hand. Ms. Douglass argued in opposition to summary judgment that the insufficient responses to her discovery requests prevented her from obtaining affidavits supporting her arguments. Similarly, her supplemental motion to compel argued that "[t]he information [she

sought was] relevant to all of [her] claims and [was] in the custody and control of defendant," R. (05-3184), Doc. 73 at 2.

But it is not enough to merely assert that discovery is incomplete, that facts necessary to oppose summary judgment are unavailable, or that the opposing party controls the evidence supporting an allegation. *Guthrie*, 970 F.2d at 738. Neither of these filings stated with specificity how additional time would enable her to support her argument against summary judgment. Her memorandum in opposition to summary judgment provided no argument beyond that quoted previously and a review of her supplemental motion to compel shows that Ms. Douglass only addressed GM's many apparently valid objections to her discovery requests in the most cursory and conclusory manner. Consequently, we cannot find that Ms. Douglass stated "with specificity how the desired [extension of] time [for discovery] would enable [her] to meet [her] burden in opposing summary judgment." *Guthrie*, 970 F.2d at 738.

<u>Conclusion</u>

The judgments of the district court are AFFIRMED. Ms. Douglass' Motion (in Case No. 05-3184) to Disallow Appellee Brief and for Sanctions is DENIED.

Entered for the Court


Robert H. Henry
Circuit Judge

-8-