Thomas A. JOHNSON, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 843, Docket 92–6231.

United States Court of Appeals, Second Circuit.

Submitted Feb. 25, 1993.

Decided March 31, 1993.

Thomas A. Johnson, pro se.

James A. Bruton, Acting Asst. Atty. Gen., Dept. of Justice, Tax Div., Washington, DC (Gary R. Allen, William S. Estabrook, Billie L. Crowe, Philip H. Karter, Attys., Dept. of Justice, Tax Div., Washington, DC, Albert S. Dabrowski, U.S. Atty. for D. Conn., New Haven, CT, H. Gordon Hall, Asst. U.S. Atty., of counsel), for defendant-appellee.

Before: LUMBARD, McLAUGHLIN, Circuit Judges, and DUFFY, District Judge.*

LUMBARD, Circuit Judge:

Thomas A. Johnson, *pro se*, appeals from an order of the District Court of Connecticut, Dorsey, *J.*, granting the government's motion for summary judgment in his action to quiet title to his property by removing a tax lien. Johnson contends that this ruling was in error because the IRS assessed the tax which formed the basis of the lien before his time for filing an appeal expired. We agree and reverse.

On August 2, 1990, the Tax Court, Wright, *J.*, determined that Johnson was liable for income tax deficiencies for the taxable years 1980 through 1984. On September 24, 1990, 53 days after this ruling, the IRS assessed Johnson for these deficiencies, and on July 9, 1991, the IRS filed a tax lien on Johnson's real and personal property in the amount of $347,364.33.

Johnson brought this suit, pursuant to 28 U.S.C. § 2410(a) (1988), to quiet title to his property, claiming that the lien was invalid because the IRS assessed the deficiency prior to the Tax Court's decision becoming final, in violation of 26 U.S.C. § 6213(a) (1988). Thereafter, the IRS reassessed Johnson's tax deficiency for 1984, but not for 1980 to 1983 because the statute of limitations for supplemental assessments had expired.

Both parties moved for summary judgment on the issue of the validity of an assessment made before expiration of the 90-day period for filing an appeal provided in 26 U.S.C. § 6213(a). By order dated August 17, 1992, Judge Dorsey upheld the assessment, concluding that a tax assessment cannot be stayed during the appeal period unless the taxpayer files a notice of appeal and an appellate bond as provided by 26 U.S.C. § 7485 (1988). Because an assessment made during the unexpired appeal period is void, we reverse.

### A. *Jurisdiction*

■ Initially, we find that the district court had subject matter jurisdiction over this case because 28 U.S.C. § 2410(a) waives the sovereign immunity of the United States. Section 2410(a) states that the United States may be named as a party in "any civil action ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." When a federal tax lien is involved, however, an action pursuant to § 2410(a) will not lie if its sole purpose is to challenge the validity of the underlying assessment. *See Falik v. United States,* 343 F.2d 38, 41 (2d Cir.1965).

■ An exception to this restriction permits a party to challenge procedural irregularities in the assessment process by way of § 2410(a). In *Kulawy v. United States,* 917 F.2d 729, 733 (2d Cir.1990), we held that § 2410(a) permitted the taxpayer to "challenge procedural irregularities in

* Hon. Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

the seizure and sale of his property following such an assessment." As the Tenth Circuit explained, the scope of this exception includes "procedural violations arising from assessment, levy, and seizure." *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir.1992).

Because Johnson's claim is procedural in nature, it falls within this exception. A procedural claim is one which does not challenge "the existence or extent of substantive tax liability." *Guthrie*, 970 F.2d at 736. Applying this standard, the *Guthrie* court held that the alleged failure of the IRS to assess the tax properly or to send valid notices of assessment were procedural defects cognizable in a quiet title suit. *Id.* at 737. *See also Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990) (failure to send valid notice of assessment is procedural); *Brewer v. United States*, 764 F.Supp. 309, 314 (S.D.N.Y.1991) (§ 2410(a) may be used to challenge the procedures used in making the assessment). Here, Johnson's claim is procedural because he disputes the timing of the assessment, not its amount.

**B.  *Validity of the Assessment***

■ We find that the assessment was invalid because it was made before the Tax Court's decision became final. Section 6213(a) provides that "no assessment of a deficiency ... shall be made ... until the decision of the Tax Court has become final." 26 U.S.C. § 6213(a). A decision becomes final upon expiration of the 90–day period allowed for filing a notice of appeal. *See* 26 U.S.C. § 7481(a)(1) (1988). In this case, the tax was assessed 53 days after the Tax Court's decision, well before the period for filing a notice of appeal expired.

In concluding that the assessment was valid, the district court relied on 26 U.S.C. § 7485, which provides:

Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection ... unless a notice of appeal in respect of such portion is duly filed ... and then only if

the taxpayer ... has filed with the Tax Court a bond....

The court interpreted this provision as requiring a taxpayer to file a notice of appeal and to post a bond before an assessment would be stayed.

As the government now concedes, this reliance is misplaced. Thus, we conclude that the assessment is void because it was made during the unexpired period for filing a notice of appeal. Section 7485 establishes the circumstances under which appellate review of a Tax Court decision stays an assessment. In seeking such review, the taxpayer must file a timely notice of appeal. *See* 26 U.S.C. § 7483 (1988). Since Johnson did not file a notice of appeal, there is no appellate review, and § 7485 does not apply.

■ We also reject the government's argument that the assessment becomes valid upon the expiration of the appeal period. The assessment violated § 6213(a), and we decline to "give the Commissioner an arbitrary power which it was not intended he should have," *United States v. Yellow Cab Co.*, 90 F.2d 699, 701 (7th Cir.1937), by validating the assessment. This view is consistent with *United States v. Walker*, 217 F.Supp. 888, 892 (W.D.S.C.1963), in which the court held an identical assessment, *i.e.* one made within the appeal period, "null, void and of no force and effect." *See also Philadelphia & Reading Corp. v. United States*, 944 F.2d 1063, 1072 (3d Cir.1991) (assessment was void because deficiency notices were not issued); *Ventura Consol. Oil Fields v. Rogan*, 86 F.2d 149, 153 (9th Cir.1936) (assessment during the period for petitioning the Board of Tax Appeals (now the Tax Court) was illegal and given no effect), *cert. denied*, 300 U.S. 672, 57 S.Ct. 610, 81 L.Ed. 878 (1937); *Yellow Cab Co.*, 90 F.2d at 701 (assessment while petition was pending before the Board of Tax Appeals was void).

Reversed.