484

Joseph G. BUTLER, Trustee of
the Estate of Priscilla
Evans, Plaintiff,

v.

BAYBANK MIDDLESEX,
et al., Defendants.

Civ. A. No. 92–10587–WJS.

United States District Court,
D. Massachusetts.

March 14, 1994.

Joseph G. Butler, Barron & Stadfeld, Boston, MA, pro se.

Rhonda B. Fogel, Harnish, Jenny, Mitchell & Resh, Waltham, MA, for Baybank Middlesex.

Leonard A. Berkal, Berkal, Stelman, Davern & Shribman, Salem, MA, for Robert E. Curran, and James E. Marks.

Robert S. Troy, Bourne Town Counsel, Sandwich, MA, for Town of Bourne.

John V. Cardone, U.S. Dept. of Justice, Tax Div., Washington, DC, Susan M. Poswistilo, U.S. Attorney's Office, Boston, MA, for I.R.S. and U.S.

Eileen Ryan McAuliffe, Dept. of Revenue, Litigation Bureau, Boston, MA, for Massachusetts Dept. of Revenue,

Scott L. Robertson, Goodwin, Proctor & Hoar, Boston, MA, for Marine Midland Bank.

*MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR AWARD
OF FEES AND COSTS AND THE
UNITED STATES' MOTION FOR
SUMMARY JUDGMENT*

SKINNER, Senior District Judge.

In this interpleader action, plaintiff Joseph Butler, the trustee of Priscilla Evans' Chapter 7 bankruptcy estate, seeks a determina-

tion of the rights of the twelve defendants to surplus funds from the sale of estate property. Only two defendants continue to assert an interest in the funds: the United States, by virtue of federal tax liens that attached to all property of Priscilla Evans; and Baybank Middlesex, by virtue of various real estate attachments. Each of the claims exceeds the interpled amount.

The plaintiff-trustee, an attorney from the law firm of Barron & Stadfeld, P.C., retained his own firm to assist in the sale and distribution of proceeds from the property. The sale produced a surplus of $71,097.38 after payment of broker's fees and a first mortgage. Plaintiff moved the bankruptcy court to set a deadline by which the defendants could file a complaint to determine the validity and priority of their interests. Notice of the deadline was served upon the defendants, except that the Internal Revenue Service (rather than the United States) was served with notice under Bankruptcy Local Rule 22(A).[1] The IRS did not file a complaint in bankruptcy court.

The bankruptcy court dismissed the pending complaints, declining to exercise jurisdiction because no part of the proceeds would be available for distribution to unsecured creditors of the estate. The plaintiff attempted to negotiate a written settlement among the interested parties. The negotiations failed because of "uncertainty among the parties as to whether the Internal Revenue Service had an interest in the proceeds." Pl.'s Mem. at 4. Thereafter, the plaintiff filed this interpleader action in Suffolk County Superior Court. The action was removed by the United States, which substituted itself for the IRS, under 28 U.S.C. § 1444.

The plaintiff has moved for an award of $12,772.11 in fees and costs to be paid from the surplus funds pursuant to 11 U.S.C. § 506(c), including $846.11 in costs and $11,926.00 in legal fees for "the administrative tasks related to the sale"; the proceedings in bankruptcy court; "extensive negotiations" with the creditors; and the filing of this interpleader action. The United States opposes the award of fees and costs to the

extent that they were incurred after October 10, 1991, the commencement of this action. The United States also moves for summary judgment on its claim to the entire interpled amount on the basis that its federal tax liens are prior to Baybank's real estate attachment.

## Discussion

On a motion for summary judgment, I view the facts in the light most favorable to the nonmoving party. *Space Master Int'l, Inc. v. City of Worcester,* 940 F.2d 16, 17 (1st Cir. 1991). Summary judgment will be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

## I. The Award of Fees and Costs

11 U.S.C. § 506(c) provides:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

▮ The plaintiff argues that Barron & Stadfeld's services helped convey a benefit to the creditors. The costs and expenses incurred by his firm were

reasonable given the large number of claimants and the need, due in part to the order of the [bankruptcy judge] to abstain and, in part, to the *Internal Revenue Service's decision not to participate in the proceedings commenced in bankruptcy court,* to engage in multiple court proceedings.

Pl.'s Mem. at 5–6 (emphasis added). The United States argues that notice of the claims bar date should have been served upon the United States, the true party in interest in an adversary proceeding. I disagree. Notice of the claims bar date prefigures but does not commence an adversary proceeding. It is the creditor who launches an adversary proceeding by filing a com-

---

**1.** Rule 22(A) provides that "[w]henever notice is required to be given to the Internal Revenue

Service, it shall be mailed to [the] District Director of Internal Revenue...."

·plaint in the bankruptcy court. Thus, the Bankruptcy and local rules governing service upon the United States in adversary proceedings do not apply. *See* Bankr.R. 7004(b)(4) and (5); Local Rule 22(E).

■ It is undisputed that the plaintiff erroneously named and served the IRS as a defendant in this interpleader action, rather than the United States Attorney or the Attorney General as required by 28 U.S.C. § 2410. The complaint in interpleader had to be amended to meet the jurisdictional prerequisites of § 2410. *See* Stipulation between Plaintiff and the United States to Amend Complaint in Interpleader (April 1, 1992). The fees and costs incurred by the plaintiff as a result of these errors—a total of $388.20 [2]—are not "reasonable [and] necessary" under 11 U.S.C. § 506(c). The plaintiff is entitled to an award of $12,383.91, representing his total fees and costs of $12,772.11 less $388.20.

## II. Summary Judgment

■ It is undisputed that the United States' federal tax liens are prior in right to Baybank's real estate attachments. Baybank argues only that the federal tax liens are invalid because Priscilla Evans is not liable for the underlying tax assessments. A taxpayer cannot challenge "the existence or extent of substantive tax liability" in an action against the United States under 28 U.S.C. § 2410. *Guthrie v. Sawyer,* 970 F.2d 733, 736 (10th Cir.1992). *See McMillen v. U.S. Dep't of Treasury,* 960 F.2d 187, 189 (1st Cir.1991) ("Section 2410's waiver of sovereign immunity [is limited] to cases where the taxpayer contests only the procedural validity of the lien"); *Johnson v. United States,* 990 F.2d 41, 42–43 (2d Cir.1993) (collateral attack on tax assessment limited to "procedural irregularities"). Third-party non-taxpayers such as Baybank are subject to the same restrictions under § 2410 and principles of sovereign immunity. *See Middlesex Sav. Bank v. Johnson,* 777 F.Supp. 1024, 1029–30 (D.Mass.1991) (collecting cases).

Because Baybank does not allege that the tax assessments against Priscilla Evans are procedurally flawed, or that the federal tax liens are invalid apart from the underlying assessments, the liens and the assessments are "conclusively presumed valid." *Id.* at 1029. The United States is entitled as a matter of law to the interpled amount, less plaintiff's fees and costs.

### Order

The United States' motion for summary judgment is ALLOWED. The plaintiff's motion for award of fees and costs is ALLOWED in the amount of $12,383.91, to be deducted from the interpled amount. The clerk shall enter judgment for the United States for the remainder of the interpled amount, or $58,713.47.

---

2. *See* plaintiff's draft bill, LN Nos. 229–37, 246, 248–51.