**Estate of Paul P. RAO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 97 CIV. 3455 JSR.**

United States District Court,
S.D. New York.

Nov. 25, 1997.

250

Paul P. Rao, Jr, New York City, for plaintiff.

Aaron M. Katz, Asst. United States Attorney, New York City, for defendant.

*OPINION AND ORDER*

RAKOFF, District Judge.

According to the Internal Revenue Service, "Our goal at the IRS is to protect your rights so that you will have the highest confidence in the integrity, efficiency, and fairness of our tax system." *See* Complaint, Ex. K ("Your Rights as a Taxpayer"). Our goal at the federal courts is (among other things) to help the IRS keep its word. A modest award of costs and attorneys' fees to the prevailing plaintiff in this case may encourage such confidence.

The underlying dispute traces back to December 28, 1989, when the executrix of the Estate of Paul P. Rao, former Chief Judge of the United States Court of International Trade, filed a U.S. Estate Tax Return that disclaimed any gift tax liability. Although the Government alleges that a gift tax notice of deficiency was mailed to the Estate on December 23, 1992, *see* Defendant's Memorandum of Law at 7, the Estate maintains that such a notice was never sent or received and that, accordingly, the Estate did not become aware of the alleged deficiency in time to raise a challenge in Tax Court within the 90–day prescribed period. *See* 26 U.S.C. § 6213; *see also* Memorandum of Law in Support of Plaintiff's Application at 2. When, however, the Estate received a notice of tax due on May 21, 1993, *see* Complaint, Ex. H, the Estate's representatives immediately sought to bring to the attention of the IRS, both orally and in writing, evidence not only of the non-receipt of the alleged notice of deficiency but also of the inaccuracy of the alleged deficiency itself. *See* Complaint, Ex. E. The IRS's only response was to file a notice of intent to levy on September 19, 1994, and a notice of a federal tax lien on May 18, 1995. *See* Complaint, Exs. L & O. Again, plaintiff attempted with vigor and persistence to bring the relevant facts to the IRS's attention, both orally and in writing, *see* Complaint, Exs. M, P, & S, only to be met, as the Government now concedes, with a wall of silence. *See* transcript of oral argument, September 12, 1997.

Finally, in desperation, plaintiff filed suit in this Court on May 12, 1997, claiming that the tax lien was void. Within less than two months, the IRS conceded that it had made an error in assessing the deficiency, and agreed to lift its lien, thus mooting the action. *See* Stipulation & Order, July 16, 1997. However, the stipulation of dismissal expressly preserved plaintiff's right to seek an award of attorneys' fees and costs, *see id.* ¶ 2, and plaintiff thereafter moved for same under 26 U.S.C. § 7430. Having reviewed the parties' papers and oral arguments, the Court now grants plaintiff's motion, finding that the plaintiff meets each of the prerequisites.

*First,* there is the requirement of jurisdiction. The Government, having previously conceded jurisdiction when the case-in-chief was before the Court, *see* Defendant's Memorandum of Law at 17, now reverses field and contends that an award of costs and attorneys' fees is here impermissible because the Court lacks jurisdiction over the underlying action. The Court disagrees.

■ The statute under which plaintiff claims jurisdiction, 28 U.S.C. § 2410, authorizes civil actions against the United States to quiet title to "real or personal property on which the United States has or claims a mortgage or other tax lien." This section does not allow the aggrieved taxpayer to collaterally attack the substantive validity of the underlying tax assessment that led to the lien, *see Falik v. United States,* 343 F.2d 38, 41 (2d Cir.1965); but it does permit challenges premised on procedural irregularities, *see Johnson v. United States,* 990 F.2d 41, 42 (2d Cir.1993). Plaintiff contends that such procedural defects include plaintiff's claim that the IRS failed properly to notify plaintiff of the alleged tax deficiency on which its lien was predicated.

■ The issue of whether for purposes of § 2410 such a defect is "substantive" or "procedural" is one on which the courts have divided. *Compare, e.g., Guthrie v. Sawyer,* 970 F.2d 733, 735 (10th Cir.1992) (substantive) *with Robinson v. United States,* 920 F.2d 1157, 1161 (3d Cir.1990) (procedural). *See also Brewer v. United States,* 764 F.Supp. 309, 313 (S.D.N.Y.1991) (dictum favoring procedural). However, the clear thrust of the closest Second Circuit precedent, *Johnson v. United States,* 990 F.2d 41 (2d Cir.1993), favors the procedural view. In *Johnson,* a quiet title action, the plaintiff sought invalidation of the tax lien on his property on the ground that the IRS assessed the deficiency before his time for filing an appeal with the Tax Court had expired. *See id.* at 42. Holding that plaintiff's claim was procedural, the Court of Appeals broadly defined such a claim as "one which does not challenge the existence or extent of substantive tax liability." *Id.* at 43 (citation and internal quotation marks omitted). By this definition, the Estate's suit is clearly

premised on a procedural challenge, since it is limited on its face to challenging the tax lien on the ground that the IRS failed to follow the notice procedures set forth in 26 U.S.C. § 6213.[1]

■ Moreover, even assuming *arguendo* that plaintiff's claim under § 2410 were improper, plaintiff's papers and pleadings effectively make out a claim for an injunction under 26 U.S.C. § 6213, which, as even the Government concedes, would vest jurisdiction in this Court. *See* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

*Second,* under 26 U.S.C. § 7430, reasonable fees and costs may be awarded only to a "prevailing party." To be considered a "prevailing party," a party must establish (a) that it had a net worth below the ceiling set in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(b), when the action was filed, and (b) that it has substantially prevailed either with respect to the amount in controversy or with respect to the most significant issue or set of issues presented. *Id.* § 7430(c)(4)(A). Finally, a party will not be considered a "prevailing party" if the United States can establish that "the position of the United States in the proceeding was substantially justified." *Id.* § 7430(c)(4)(B)(i).

■ For purposes of the net worth requirement, an estate is treated as an "individual" rather than as a "corporation" or "organization," *see Estate of Woll v. United States,* 44 F.3d 464, 468 (7th Cir.1994), and therefore may be awarded attorneys' fees and costs only if its "net worth did not exceed $2 million at the time the civil action was filed," 28 U.S.C. § 2412(d)(2)(B). However, the net worth at the time suit was filed comprises "the net value of the entire estate, including assets which have already been distributed by the date of suit." *Estate of Woll,* 44 F.3d at 470.

■ Here, the disputed question is whether the calculation of net worth should also include properties that were controlled by the decedent at the time of his death but which passed outside of his estate because his children had survivorship rights. While the law on this point is unsettled, *compare Estate of Woll,* supra, with Miller v. United States,* 926 F.Supp. 642 (N.D.Oh.1996), the Court concludes that, in the instant case, the properties that passed outside of the estate under survivorship agreements should not be included in the estate's net worth under 26 U.S.C. § 7430 and 28 U.S.C. § 2412(d)(2)(b). This conclusion follows from the purpose of the net worth ceiling, which is to limit the award of attorneys' fees to those persons who might otherwise be materially deterred from pursuing a valid legal claim against the Government. *See Miller,* 926 F.Supp. at 645–46. Here, the Estate's ability to bear the costs of this litigation was a function of the assets over which the Estate had control. An estate may be able to force distributees to bear its debts, but it cannot utilize the proceeds of properties that formerly belonged to the decedent but have now passed by survivorship to pay its attorneys' fees. Moreover, as a practical matter, it seems exceedingly unlikely that anyone would plan his estate with the express purpose of keeping the estate's net worth below the ceiling set by § 2412(d)(2)(B).

Given this conclusion, it is unnecessary for the Court to assess the differing values that each party assigns to each of the disputed assets in this case, let alone grant the Government's request for further discovery on this issue, *see* Defendant's Memorandum of Law at 16 n. 9. For assuming *arguendo* that the Government's proposed valuations are accurate, the exclusion from any net worth calculation of the value of decedent's property at East 61st Street, New York, NY, which the Government concedes passed outside of the estate, would reduce the Government's own valuation of the net worth of the Estate at the time the suit was filed to $1,581,997. *See* Defendant's Memorandum of Law at 14–

---

1. Since the issuance of a notice of deficiency is a necessary precondition to a notice of assessment, which is in turn a necessary precondition to the imposition of a lien, the jurisdictional line that cases like *Guthrie* have drawn between challenges to the former type of notice and challenges to the latter type of notice seems wholly artificial, and, in any case, is inconsistent with the reasoning of *Johnson.*

15. Therefore, plaintiff has met the net worth requirement of the relevant statutes.

 Plaintiff has also met the requirement that it have "substantially prevailed with respect to the amount in controversy, or ... with respect to the most significant issue or set of issues presented." 28 U.S.C. § 7430(c)(4)(A)(i) (I–II). Such success need not take the form of a final adjudication on the merits; it is enough if the litigation produces voluntary action by the defendant that affords the plaintiff all or some of the relief that he sought through a judgment. *See Association for Retarded Citizens v. Thorne,* 68 F.3d 547, 551 (2d Cir.1995). *See also Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987); *LaRouche v. Kezer,* 20 F.3d 68, 71 n. 4 (2d Cir.1994); *Rose v. Heintz,* 806 F.2d 389, 391 (2d Cir.1986). From the history of this case, as described *supra,* it is obvious that the filing of this action was the catalyst for the release of the lien, which in turn was the "most significant issue ... presented" to this Court and the entire relief requested.

Nonetheless, the Government—making the kind of argument that only a lawyer could love—contends that since the release of the lien was itself the result of the plaintiff's convincing the IRS that the plaintiff did not owe any gift tax at all, plaintiff has "really" prevailed on an issue not involved in this case (indeed, an issue over which the Court could not exercise jurisdiction, *see supra*) and hence is not entitled to attorneys' fees and costs. But to allow the Government to evade payment of attorneys' fees and costs because the reconsideration of the Estate's gift tax liability prompted by this suit gave plaintiff not only the specific relief that it requested in this action but also the greater relief to which it was also entitled would wholly undercut the policies of § 7430.[2]

 That the Government is reduced to such a doubtful argument is not irrelevant to assessment of its further contention that its claim that a notice of deficiency was properly issued was "substantially justified,"

thereby precluding recovery of attorneys' fees and costs. A substantially justified position must have a reasonable basis in law and fact, *see Pierce v. Underwood,* 487 U.S. 552, 563–65, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988), and no such reasonable basis exists where there has not been a diligent investigation, *see Nicholson v. C.I.R.,* 60 F.3d 1020, 1029 (3d Cir.1995). Here, the fact that the IRS—having ignored plaintiff's repeated communications for more than four years—completely accepted plaintiff's position across-the-board within a few months of the filing of this action, makes it abundantly clear that no prior diligent investigation of this matter was conducted by the defendant. Moreover, the Government's reliance on the presumption of administrative regularity that normally attaches to the mailing of forms such as a notice of deficiency, *see Follum v. C.I.R.,* 128 F.3d 118, 119, 121 (2d Cir.1997), is here misplaced, since the IRS's studied refusal to respond to plaintiff's endless efforts to apprise the IRS of the non-receipt of the alleged notice serves fully to rebut any such presumption.

 *Third,* the Government's vague and conclusory challenges to the amount of attorneys' fees and costs claimed by plaintiff are insufficient to raise a doubt as to whether plaintiff has met the "reasonable[ness]" requirement of 26 U.S.C. § 7430. Plaintiff has set out in great detail the rationale and method of calculation for the claimed attorneys' fees of $28,536.98 and costs of $5,635.21. *See* Affidavit in Support of Application for Attorneys' Fees and Costs. Despite the Government's unparticularized protests that "many hours" claimed in the fee application are excessive, *see* Defendant's Memorandum of Law at 25 n. 12, the Court finds that each element of plaintiff's application is reasonable and conforms to the requirements set forth in 26 U.S.C. § 7430(c)(1). Plaintiff is therefore entitled to the total amount requested, *i.e.,* $34,172.19. Given the abusive quality of the IRS's conduct in this case, *see Powell v. C.I.R.,* 791 F.2d 385, 391 (5th Cir.1986), the Government

---

**2.** The cases cited by the Government, purportedly in support of its argument, *see Pavano v. Shalala,* 1997 WL 220305 (S.D.N.Y.1997); *Al-*

*Moaswes v. INS,* 1995 WL 729324 (E.D.La.1995), are no more on point than its "logic."

should feel fortunate the fees were so modest.

For the foregoing reasons, plaintiff's motion for an award of attorneys' fees and costs in the amount of $34,172.19 is hereby granted.

SO ORDERED.