**PCCE, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America; Internal Revenue Service, Defendants–Appellees.**

**No. 97–55408.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 18, 1998.

Decided Oct. 27, 1998.

Michael C. Cohen, De Castro, West & Chodorow, Los Angeles, CA, for plaintiff–appellant PCCE, Inc.

Curtis C. Pett, Tax Division, United States Department of Justice, Washington, DC, for defendant–appellee.

Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.

PREGERSON, Circuit Judge:

Plaintiff–Appellant PCCE ("taxpayer"[1]) challenges the government's tax and interest assessments for tax years 1974 and 1978, as well as its tax liens. The Tax Court entered a stipulated judgment in which the parties agreed as to the amount taxpayer owed. The district court determined the assessments and liens to be valid.

On appeal taxpayer does not argue that the government assessed these tax and interest deficiencies too heavily. Instead, taxpayer complains that because the government assessed the deficiencies too *soon* under 26 U.S.C. § 6213(a), the assessments and the related liens are invalid. Because the district court lacked jurisdiction of taxpayer's claims, we affirm without reaching the merits of taxpayer's appeal.

## FACTS AND PRIOR PROCEEDINGS

### I. Facts

For its 1974 tax year, taxpayer owed the government $4,711,616. At the end of the 1975 tax year, taxpayer had suffered a net operating loss. Pursuant to the Internal Revenue Code, the government permitted taxpayer to "carry back" its 1975 loss to the prior year, granting PCCE a tentative carry-back allowance of $3,118,629.

In tax year 1978, taxpayer declared a tax liability of "zero" on its return, even though taxpayer actually owed $1,742,830. But in tax year 1979, taxpayer again suffered a net operating loss. On that occasion the government granted taxpayer a tentative carryback allowance of $1,737,400, which taxpayer used as a credit to absorb virtually all of its unpaid liability for tax year 1978.

By 1990, the government realized that it had miscalculated the carrybacks, both times in taxpayer's favor. The government then issued to taxpayer a notice of deficiency for tax years 1974 and 1978.

### II. Prior Proceedings

#### A. Tax Court

Taxpayer petitioned the United States Tax Court to contest the government's deficiency determinations.[2] The parties settled before the Tax Court could try the case. In a stipulated judgment entered by the Tax Court on March 9, 1995, taxpayer agreed

---

1. A company called Monex Int'l, Ltd. was the original taxpayer. Plaintiff–Appellant Pacific Coast Coin Exchange, Inc. is the successor in interest to Monex.

2. Pursuant to 26 U.S.C. § 6213(a), a taxpayer can seek relief in Tax Court without first paying a tax assessment. *See Commissioner v. Lundy*, 516 U.S. 235, 252, 116 S.Ct. 647, 656, 133 L.Ed.2d 611 (1996).

that the government was entitled to recover $1,266,322 of the carryback for tax year 1974, which resulted from the government's overestimation of taxpayer's carryback allowance. The parties also agreed that the government was entitled to recover $5,430 of unpaid taxes for tax year 1978, the amount owed less the carryback. Finally, the parties agreed that the government was entitled to increased restricted interest on $1,737,400, the amount that had been extinguished by the carryback for tax year 1978.

On June 5, 1995, the government assessed the tax deficiencies for tax years 1974 and 1978, and assessed interest on the amount extinguished by the carrybacks for tax year 1978. Although the amounts of these assessments were consistent with the stipulation, the timing of at least one of these assessments was premature because the government assessed two days before the Tax Court's decision became final.

### B. District Court

Taxpayer then filed suit in district court. Only two of the many claims taxpayer raised there are relevant to this appeal. First, taxpayer sought to quiet title with respect to the tax assessments for 1974 and 1978, and the interest assessments for those same years. Specifically, taxpayer argued that the underlying tax and interest assessments were invalid because they were made before the Tax Court decision became final, a violation of 26 U.S.C. § 6213(a). Second, pursuant to the waiver of sovereign immunity contained in 28 U.S.C. § 7432, taxpayer sought damages against the government for its failure to release the tax lien.

The government moved for summary judgment. As to taxpayer's § 6213(a) claim, the government conceded that its assessment for tax year 1978 was premature and abated that assessment. But the government refused to abate the assessment for tax year 1974, arguing that that assessment was valid under § 6213(b)(3), a provision which exempts carryback adjustments from the requirements of § 6213(a). The government also stood by its interest assessments for 1974 and 1978, arguing that the deficiency procedures set forth in § 6213(a) were inapplicable. As to

taxpayer's § 7432 claim, the government argued that-because the underlying assessments were valid-so were the liens.

The district court granted the government's summary judgment motion. Accordingly, the court upheld the tax assessment for 1974, the interest assessments for 1974 and 1978, and the liens. Taxpayer timely appeals.

### STANDARD OF REVIEW

■ We review grants or denials of summary judgment de novo. *Schwartz v. United States,* 67 F.3d 838, 839 (9th Cir.1995). We also determine subject matter jurisdiction de novo. *Hughes v. United States,* 953 F.2d 531, 535 (9th Cir.1992). "Our review is not limited to a consideration of the grounds upon which the district court decided the issues; we can affirm the district court on any grounds supported by the record." *Weiser v. United States,* 959 F.2d 146, 147 (9th Cir.1992). For that reason, and because jurisdiction is a constitutional prerequisite, we may consider whether the district court had subject matter jurisdiction to reach the merits of the case, "even if it is not raised in the district court." *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 673 (9th Cir. 1993).

### ANALYSIS

### I. Taxpayer's § 6213(a) Claim

Taxpayer only appeals the district court's ruling as it pertains to two of its assessments: the 1974 tax assessment, and the 1978 interest assessment. Taxpayer seeks abatement because these assessments, like the now-abated 1978 tax assessment, were made two days before the Tax Court's decision became final under § 6213(a).

■ The government argues for the first time on appeal that the district court lacked jurisdiction of taxpayer's § 6213(a) claim because the relevant waiver of sovereign immunity does not cover challenges to the validity of assessments. The pertinent part of 28 U.S.C. § 2410(a) states: "the United States may be named a party in any civil action or suit in any district court . . . to quiet title to

... real or personal property on which the United States has or claims a mortgage or other lien."

The district court properly exerted jurisdiction only if taxpayer's § 6213(a) claim presents a *procedural* challenge to a *lien.* See *Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991) (stating that § 2410 permits "quiet title actions challenging the procedural aspects of tax liens, but not the merits of the underlying tax assessments"). In *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990), we held that the district court lacked jurisdiction of a taxpayer's claim that "his assessment is invalid because he was not issued a notice of deficiency" as § 6212 directs.

Here taxpayer argues that the 1974 tax and 1978 interest assessments were made prematurely under § 6213(a), which bars assessments until the Tax Court decision becomes final. Whether § 2410 waives sovereign immunity in a taxpayer's § 6213(a) claim is a question of first impression. Although taxpayer's claim arguably may be conceived as a procedural challenge, it is unmistakably an attack on the government's *assessments,* rather than its *liens.*[3] After *Elias,* it is plain that the district court lacked jurisdiction of taxpayer's § 6213(a) claim.[4]

For these reasons, we conclude that the district court lacked jurisdiction of taxpayer's challenge to his tax and interest assessments under § 6213(a). We need not and do not reach the merits of this claim.

## II. Taxpayer's § 7432 Claim

Taxpayer renews its argument that 26 U.S.C. § 7432 entitles him to damages for the government's alleged wrongful failure to release its tax lien for 1974, and its interest liens for 1974 and 1978. We hold that the district court lacked jurisdiction of taxpayer's claim.

Section 7432 waives sovereign immunity when the IRS "knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." 26 U.S.C. § 7432(a). Section 6325 requires the government to release any lien that has "been fully satisfied or has become legally unenforceable." 26 U.S.C. § 6325(a). The applicable Treasury Regulation explains that § 6325 requires the government to release a lien after "satisfaction of the tax in full or ... the expiration of the statutory period for collection." 26 C.F.R. § 302.6325–1.

In this case, nothing in the record suggests that the assessment has been "fully satisfied." The root of this requirement is the long-standing "pay first and litigate later" principle explained in *Flora v. United States,* 362 U.S. 145, 159–62, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Instead of pleading the elements of its § 7432 damages claim, taxpayer attempts to bootstrap that claim onto the merits of its § 6213(a) claim for injunctive relief, arguing that the liens are invalid if the assessments were premature. As we already have explained, the district court could not reach the merits of taxpayer's § 6213(a) claim; thus, the taxpayer has hitched its wagon to a jurisdictional falling star. Section 7432(a) simply was not enacted to allow taxpayers to litigate the merits of assessments, let alone assessments that could not be challenged under the jurisdictional grant of § 6213(a). To allow the taxpayer to proceed with his damages claim would ignore the clear language of § 7432(a), offend the "pay first" principle implicit in that statute,

---

3. Taxpayer's attack on the liens is confined to its § 7432 claim, discussed *infra.*

4. The out-of-circuit authorities cited by taxpayer were decided under special circumstances not present in this case. As taxpayer points out, two other circuits have held that the district court had jurisdiction because § 6213(a) claims are procedural in nature. See *Guthrie v. Sawyer,* 970 F.2d 733, 735 (10th Cir.1992); *Johnson v. United States,* 990 F.2d 41, 43 (2d Cir.1993). But the holding in *Guthrie* (and *Johnson,* which adopted *Guthrie* on this issue) was made possible by the Tenth Circuit's specific holding that § 2410 "does waive sovereign immunity with respect to procedural violations arising from *assessment,* levy, and seizure." *Guthrie,* 970 F.2d at 735 (emphasis added). *Guthrie* took pains to note that the emphasized language was "submitted to and unanimously approved by the court en banc." *Id.* at 735 n. 3.

Whereas *Guthrie* had the blessing of a higher authority, in that case an en banc panel, the proposition advanced by taxpayer does not. Until the same happens in our circuit, *Elias* remains good law.

and "invite taxpayers to circumvent the refund action process by litigating the merits of the assessments against them in the collateral setting of a suit for damages allegedly caused by the IRS' refusal to release the liens on their property." *McMillen v. United States Dep't of Treasury,* 960 F.2d 187, 190 (1st Cir.1991). We hold that the district court lacked jurisdiction of taxpayer's § 7432 claim.

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.