**Bruce Lee CARPENTER, Plaintiff**

v.

**COMMISSIONER OF THE INTERNAL REVENUE, et al., Defendants.**

**No. Civ. 00–6249–AA.**

United States District Court, D. Oregon.

March 23, 2001.

Bruce Lee Carpenter, White City, OR, pro se.

Kristine Olson, United States Attorney, Jim Sutherland, Assistant United States

Attorney, Eugene, OR, David Cheng, Department of Justice, Washington, DC, for defendants.

## OPINION AND ORDER

AIKEN, District Judge.

Plaintiff's claims for civil damages arise under 26 U.S.C. §§ 7431 and 7433. The court now considers a renewed motion to dismiss this matter filed by the United States on October 2, 2000. In response to defendant's motion, plaintiff filed *pro se* an "Objection to United States Motion to Dismiss," a Response, an Amended Verified Complaint to Quiet Title and Demand for Jury Trial, and a second Response. Defendant's motion is granted.

### Background

The government maintains that the Carpenters, Bruce Lee and Carolyn L., owe federal income tax liability for tax years 1988 through 1990. The following opinions memorialize the Carpenters' hard-fought struggle to contest this liability: *The Colby B. Foundation v. United States,* 1999 WL 24542, 166 F.3d 1217 (9th Cir.1999); *The Colby B. Foundation v. United States,* No. Civ. 96–3073–CO, 1997 WL 1046002 (D.Or. October 22, 1997); *Carpenter v. Commissioner,* No. 23735, 1998 WL 78003 (U.S. Tax Ct. February 25, 1998); and *Carpenter v. Commissioner,* No. 23725 (U.S. Tax Ct.).

The Internal Revenue Service ("IRS") mailed statutory notices of deficiencies (for tax years 1988–1990) to the Carpenters-for amounts exceeding $150,000 for the Carpenters and $64,000 for EOCC (a business operated by the Carpenters)–on September 23, 1994. On September 28, 1995, in the United States Tax Court, EOCC and the Carpenters stipulated to the deficiencies. On that date, the Carpenters each signed a Decision document recognizing their tax liabilities as determined by the IRS. Accordingly, the Tax Court entered a Decision against the Carpenters in an amount determined by the IRS.

Following the Tax Court's decision, the IRS assessed the Carpenters for tax years 1988–1990 and EOCC for tax years 1988–1989. As evidenced by Certificates of Assessments and Payments (Form 4340), the IRS gave notice of the assessments and made demands for payment upon the Carpenters and EOCC. Because the Carpenters and EOCC failed to pay the assessed amounts, the IRS filed notices of federal tax lien with the County Recorders Office for Jackson County, Oregon against the Carpenters, EOCC, and the Colby B. Foundation (a trust, hereinafter the "Foundation"), as the nominee of the Carpenters and EOCC. On September 6, 1996, the IRS levied on the Foundation as the nominee of the Carpenters and EOCC. On September 19, 1996, the IRS issued a Notice of Seizure against the Foundation.

In response, on October 3, 1996, the Foundation brought an action for injunctive relief and sought a judicial determination concerning the legality of the levy. Magistrate Judge Cooney granted the Government's motion for summary judgment. *The Colby B. Foundation v. United States,* No. Civ. 96–3073–CO, 1997 WL 1046002 (D.Or. Oct.22, 1997.) On appeal by the Foundation, the Ninth Circuit affirmed Judge Cooney's decision. *The Colby B. Foundation v. United States,* 1999 WL 24542, 166 F.3d 1217 (9th Cir.1999).

The plaintiff, Bruce Lee Carpenter, filed a *pro se* pleading, "Verified Complaint to Quiet Title and Demand for Jury Trial," in the Circuit Court of the State of Oregon, naming the Commissioner of the IRS as defendant. In substance, Carpenter disputes the IRS' authority to assess or collect taxes. Complaint at ¶¶ 30–34, 36–39, 41–44, 46–47, 51–52, 54–56, and 59. Carpenter believes the Service's statutory authority extends only to citizens of Puerto

Rico, the Philippines, and the Virgin Islands. Complaint at ¶¶ 32, 33, 37, 38, and 51. Consequently, Carpenter alleges that the federal tax liens and levy are invalid because they flow from invalid assessments. In addition to asking the court to invalidate the tax liens and levy, Carpenter requests civil damages pursuant to 26 U.S.C. §§ 7431 and 7433.

On August 15, the United States removed this matter to this court. Carpenter unsuccessfully challenged removal.

### Standards

Under Fed.R.Civ.P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. *Lee v. County of Los Angeles*, 240 F.3d 754, 764 (9th Cir.2001) (discussing 12(b)(6)); *Dreier v. United States*, 106 F.3d 844, 846 (9th Cir.1996) (discussing 12(b)(1)).

When a party challenges subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir.2001). " 'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.' " *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)).

### Discussion

#### I. Proper Defendant

■ The government moves to dismiss Carpenter's claim against the Commissioner in his individual capacity. Indeed, Carpenter offers no reason for suing the Commissioner rather than the United States. When a party sues the Commissioner for actions taken in his official capacity, such a claim properly lies against the United States. *See Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) ("[A] suit against IRS employees in their official capacity is essentially a suit against the United States."). Therefore, Carpenter's claim against the Commissioner is dismissed.

#### II. Subject Matter Jurisdiction

■ Carpenter bears the burden of demonstrating an explicit waiver of the Government's sovereign immunity from suit. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Where, as here, the United States has not consented to suit, dismissal for lack of subject matter jurisdiction is mandatory. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

■ Carpenter premises jurisdiction upon 28 U.S.C. §§ 1331, 1340, 1361, 2410, and 2463, but none of these statutes waives the Government's sovereign immunity here. Sections 1331, 1340, and 1361 are general jurisdictional statutes that do not

waive sovereign immunity. *See Gilbert,* 756 F.2d at 1458; *Coggeshall Development Corp. v. Diamond,* 884 F.2d 1, 3–4 (1st Cir.1989); *Carelli v. Internal Revenue Service,* 668 F.2d 902, 904 (6th Cir.1982). Likewise, jurisdiction does not lie under § 2410, which does not permit a collateral attack on the merits of a tax assessment. *PCCE, Inc. v. United States,* 159 F.3d 425, 428 (9th Cir.1998); *Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992). Moreover, even if § 2410 were to confer jurisdiction upon this court, Carpenter has failed to satisfy the statute's pleading requirements.[1] Finally, § 2463 was not designed to confer jurisdiction on the federal district court over property levied upon and seized pursuant to the Internal Revenue Code. *New Hampshire Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 408, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960); *Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990); *Morris v. United States,* 303 F.2d 533, 535 (1st Cir.1962)

*III. Failure to State a Claim*

Because the court lacks jurisdiction over this matter, it need not discuss the merits of defendant's argument for dismissal under Fed.R.Civ.P. 12(b)(6). *See Tosco Corp.,* 236 F.3d at 502 ("Since this Court has found that it lacks subject matter jurisdiction, it does not reach Defendant's additional arguments that Plaintiff's action should be dismissed[.]").

*Conclusion*

Because Carpenter has failed to allege subject matter jurisdiction, defendant's

motion (doc. # 16) is granted. Plaintiff's Complaint is dismissed.

IT IS SO ORDERED.

---

1. Under 28 U.S.C. § 2410, the "complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." Carpenter has not identified any property to which he is attempting to quiet title, nor has he asserted claims pertaining to his property rights.